In re Richard A. ANDERSON, Debtor.

Richard A. ANDERSON, Appellant,

v.

UNITED STATES of America (IRS), Appellee.

BAP No. AK–91–1939–AsVJ.

Bankruptcy No. 3–87–00859–HAR.

Adv. No. 3–87–00859–001.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on June 23, 1992.

Decided Sept. 30, 1992.

---

M. Gregory Oczkus, Anchorage, AK, for Richard A. Anderson.

Robert J. Branman, Washington, DC, for U.S.

Before ASHLAND, VOLINN and JONES, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge:

The debtor Richard Anderson appeals an order of the bankruptcy court granting summary judgment in favor of the United States of America and holding that the debtor's interest in an ERISA retirement trust is subject to a federal tax lien. We affirm.

## STATEMENT OF THE FACTS

The facts in this case were either stipulated or are not disputed. On October 13, 1987, Richard Anderson filed a petition under Chapter 13 of Title 11 of the United States Code. On the date of the filing of the petition, the debtor was indebted to the Internal Revenue Service for unpaid income taxes, penalties, and interest in the amount of $84,632.94. The IRS timely filed a proof of claim for that amount.

Prior to the commencement of the Chapter 13 bankruptcy, the IRS filed two no-

tices of federal tax lien in the Anchorage recorder's office. The first tax lien was for unpaid taxes from 1980–1983; the second was for unpaid taxes from 1984–1986. Prepetition, the IRS had not levied on Anderson's interest in his International Brotherhood of Electrical Workers (IBEW)/National Electrical Contractor's Association (NECA) pension plan.

At the time of filing the bankruptcy, Anderson had $12,000 of unencumbered property and the IRS had a valid security interest in the debtor's personal property for that amount. Also at the time of the filing, Anderson was an employed electrical worker who participated in the IBEW/NECA pension plan, and was vested in the plan.

At the time of the bankruptcy filing, the pension account had been credited with employer contributions in the amount of $83,-500. Anderson had not received any payments under the pension plan.

The terms of the debtor's pension plan provided for possible elections of the debtor to obtain early retirement benefits. Anderson was eligible for early benefits because he was over the age of 48 and had completed more than 10 years of service. *See,* ER. 45 § 5.02. The debtor did not make an early retirement election.

Post-petition, Anderson filed a complaint to determine the nature and extent of the IRS tax lien against his property. Both Anderson and the United States subsequently filed competing summary judgment motions in the adversary proceeding.

The bankruptcy court denied Anderson's summary judgment motion and granted the summary judgment motion of the United States. The court held that the pension plan was a spendthrift trust protected under Alaska law and, therefore, not property of the estate. The court proceeded to apply federal tax law and concluded that Anderson's beneficial interest in his IBEW/NECA pension plan was subject to the IRS lien. Anderson timely appealed the court's order.

## STATEMENT OF THE ISSUES

Whether the debtor's interest in the IBEW/NECA pension plan is property of the estate pursuant to Bankruptcy Code § 541.

Whether the bankruptcy court had subject matter jurisdiction to determine whether the IRS tax lien attached to the debtor's interest in the pension plan, and if so, whether the bankruptcy court erred in holding that the lien attached to the debtor's interest.

## STANDARD OF REVIEW

A grant of summary judgment is reviewed de novo. *Richards v. Neilsen Freight Lines,* 810 F.2d 898, 902 (9th Cir. 1987); *In re Hyman,* 123 B.R. 342, 344 (9th Cir.BAP 1991), *aff'd,* 967 F.2d 1316 (9th Cir.1992). The evidence is viewed in a light most favorable to the party opposing the summary judgment and the reviewing court must determine under a de novo standard whether there was no genuine issue of material fact and whether the moving party was entitled to judgment as a matter of law. *In re New England Fish Co.,* 749 F.2d 1277, 1280 (9th Cir.1984); *Hyman,* 123 B.R. at 344.

Determination of whether the bankruptcy court had subject matter jurisdiction is also reviewed de novo. *American Principals Leasing Corp. v. United States,* 904 F.2d 477, 480 (9th Cir.1990); *In re Suchy,* 786 F.2d 900, 901 (9th Cir.1985).

## DISCUSSION

*The pension plan is not property of the estate*

Section 541(c)(2) of the Bankruptcy Code creates an exception from property of the estate by preserving anti-alienation provisions in a trust instrument.

(2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

11 U.S.C. § 541(c)(2).

The Supreme Court has interpreted the phrase "applicable nonbankruptcy law"

in § 541(c)(2) to include an anti-alienation provision in a qualified pension plan. *Patterson v. Shumate,* — U.S. ——, ——, 112 S.Ct. 2242, 2247, 119 L.Ed.2d 519 (1992) (the language "applicable nonbankruptcy law" encompasses any relevant nonbankruptcy law including federal law, such as ERISA). Therefore, the debtor's pension plan is not property of the estate in accordance with § 541(c)(2) of the Bankruptcy Code; the bankruptcy court so held and we affirm the court on that basis.

However, our analysis does not end at this point. We must address two additional issues: (1) whether the bankruptcy court had subject matter jurisdiction to address the status of the pension account proceeds; and (2) whether the IRS has a tax lien in the debtor's right to the pension proceeds.

*The bankruptcy court had subject matter jurisdiction*

■ The grant of bankruptcy jurisdiction originates with the district court and is contained in 28 U.S.C. § 1334. *In re Harlow Properties, Inc.,* 56 B.R. 794, 796 (9th Cir.BAP 1985). Section 1334 provides:

(b) [T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334(b). The district court's jurisdictional authority under § 1334 applies equally to the bankruptcy courts. *See* 28 U.S.C. 151; *Harlow,* 56 B.R. at 796. Procedurally, the district courts refer all title 11 proceedings to the bankruptcy judges in their district. *See* 28 U.S.C. § 157(a). We recognize that all of the district courts in the ninth circuit, including Alaska, have referred title 11 proceedings to the bankruptcy judges.

Although we previously stated that the IBEW/NECA pension plan was not property of the estate, the pension plan nevertheless continued to remain the property of the debtor. Section 1334(d) provides that:

(d) The district court in which a case under title 11 is commenced or is pending *shall have exclusive jurisdiction of all of the property,* wherever located, *of the*

*debtor* as of the commencement of such case, and of property of the estate.

28 U.S.C. § 1334(d) (emphasis added). The IRS was a creditor of the estate that had filed a proof of claim. Determination of the validity of the IRS lien in the property affected the debtor-creditor relationship. Accordingly, we conclude that the bankruptcy court had jurisdiction to determine the validity of the tax lien against the debtor's property pursuant to 28 U.S.C. § 1334(b) & (d).

Although the bankruptcy court stated in its memorandum of decision that it had jurisdiction in this case pursuant to 28 U.S.C. § 157(b)(2)(B) and (C), we nevertheless affirm the bankruptcy court even though it relied on the wrong grounds or reasoning. *See In re Aquaslide 'N' Dive Corp.,* 85 B.R. 545, 549 n. 4 (9th Cir.BAP 1987).

*The IRS lien attached to the debtor's pension plan*

Section 6321 of the Internal Revenue Code states:

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321.

Anderson argues that the funds in the pension account are not "property or a right to property" within the meaning of 26 U.S.C. § 6321 because Anderson has not received the funds and any monies collected in the future as retirement payments will be after-acquired property. Anderson cites *Local Loan Co. v. Hunt,* 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934), for the proposition that earning power of an individual is not property of an estate "until it has brought earnings into existence." *Local Loan,* 292 U.S. at 243, 54 S.Ct. at 698.

Anderson is correct that any retirement contributions accumulated postpetition are after-acquired property, not subject to the IRS tax lien. The IRS does not dispute this characterization. However, at the time of filing the bankruptcy petition, all prepetition contributions made to the pension account were property potentially subject to the IRS tax lien. The parties agree that the retirement benefits payable to the debtor have a present value of at least $83,500. The bankruptcy court found that this beneficial interest of Anderson in the retirement plan constituted property or a right to property to which the IRS lien attached. We agree.

It is undisputed that the debtor had a vested interest in the retirement plan prior to the filing of his bankruptcy petition. Further, as of the date of the petition, he had the right to retire and begin collecting benefits pursuant to the plan. Case law has found the contractual right to receive property, a property right in itself. *United States v. Nat. Bank of Commerce*, 472 U.S. 713, 725, 105 S.Ct. 2919, 2926, 86 L.Ed.2d 565 (1985) *citing, St. Louis Union Trust Co. v. United States*, 617 F.2d 1293, 1302 (8th Cir.1980).

More specifically, courts have found a debtor's interest in an ERISA pension plans to be property or a right to property to which an IRS tax lien could attach pursuant to 26 U.S.C. § 6321. *See, In re Reed*, 127 B.R. 244 (Bankr.D.Haw.1991) (debtor's vested interest in pension plan was subject to tax lien); *see also, Leuschner v. First Western Bank and Trust Co.*, 261 F.2d 705 (9th Cir.1958); *United States v. Dallas Nat. Bank*, 152 F.2d 582 (5th Cir.1945); and *In re Perkins*, 134 B.R. 408 (Bankr.E.D.Cal.1991).

## CONCLUSION

For the above reasons, we affirm the bankruptcy court's order granting summary judgment in favor of the United States.