In re Cheryl JONES, Debtor.

Cheryl JONES, Plaintiff,

v.

INTERNAL REVENUE SERVICE,
Defendant.

Bankruptcy No. 94–01296.
Adversary No. 95–0043.

United States Bankruptcy Court,
D. Columbia.

March 26, 1997.

Matthew A. Brennan, III, Carol Waite (Brennan & Waite), Oakton, VA, for debtor.

Samuel A. Mitchell, Washington, DC, for Tax Division of the United States Department of Justice.

## DECISION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

S. MARTIN TEEL, Jr., Bankruptcy Judge.

On stipulated facts, the defendant Internal Revenue Service ("IRS") seeks summary judgment adjudicating that its tax liens attached to the debtor's Thrift Savings Plan ("TSP") account [1] and that it has an allowed secured claim for the amount of that account despite the anti-alienation provisions of 5 U.S.C. § 8437(e)(2) and the failure of the IRS to levy on the account before the debtor filed her bankruptcy case. The motion will be granted.

The plaintiff, Cheryl Jones, filed her bankruptcy petition under chapter 13 of the Bankruptcy Code and later filed this adversary proceeding to determine the amount of the IRS's allowed secured claim. On the date of filing her petition, she was liable to the IRS for $61,347.17 in income taxes and associated interest and penalties.[2] The IRS had previ-

---

1. The statute under which the debtor holds the account as an employee of the federal government—5 U.S.C. § 8431, *et seq.*—refers to such accounts as Thrift Savings Fund accounts, but they are more commonly known as Thrift Savings Plan accounts.

2. Assessed in 1991 and early 1993 for the years 1989 through 1990, these taxes are of a non-priority character in her bankruptcy case (that is, not of a character entitled to priority under 11 U.S.C. § 507(a)) and hence not accorded the protection of 11 U.S.C. § 1322(a)(2) (requiring full payment of priority claims). The debtor's confirmed plan, without objection, did not provide for payment of any general unsecured claims of the IRS to the extent of the value of the TSP account. (There was an objection the IRS could have raised as a fall-back position, *see* n. 14, *infra*, but the IRS did not raise it.) Accordingly, only if the IRS claims are secured claims are they entitled to payment to the extent of the value of the TSP account, and that is what gives rise to this dispute. The plaintiff has conceded that the IRS has an allowed secured claim against $1,701.00 of miscellaneous personal

ously filed a notice of federal tax liens relating to the assessments of the income taxes. The first issue is whether the liens attached to the debtor's TSP account in the approximate net amount of $8,375.00.[3] The second issue is whether the lien is avoidable as unperfected because the IRS never proceeded against the account.

## I

The account is subject to the protections of 5 U.S.C. § 8437(e)(2), enacted on June 6, 1986, which provides, with exceptions inapplicable here, that TSP accounts "may not be assigned or alienated and are not subject to execution, levy, attachment, garnishment, or other legal process." Nevertheless, the court concludes that the account is subject to an enforceable federal tax lien under 26 U.S.C. § 6321. As discussed in part A below, general principles counsel against repealing § 6321 in the case of TSP accounts unless § 6321 and § 8437(e)(2) are in irreconcilable conflict. As discussed in part B below, because IRS levies are excepted from § 8437(e)(2), Congress implicitly intended that tax liens, which levies serve to enforce and which accord the IRS priority as against other creditors, would continue to attach to TSP accounts. In any event, as discussed in part C below, the definition of alienation ought not be viewed as including the attachment of a tax lien which may be enforced by levy. A holding that the IRS claim may be enforced as a secured claim under the debtor's chapter 13 plan neither effects a prohibited alienation (part D below) nor subjects the TSP account to other creditors' claims (part E below).

## A.

Under 26 U.S.C. § 6321, the assessment of a tax liability gives rise to a tax lien on all of the taxpayer's property and rights to property. The TSP statute should not lightly be interpreted as repealing § 6321 in the case of TSP accounts.

■ This follows from well settled principles of repeal by implication. *See generally Chamber of Commerce v. Reich,* 74 F.3d 1322, 1333 (D.C.Cir.1996). It is a "cardinal rule ... that repeals by implication are not favored." *Posadas v. National City Bank,* 296 U.S. 497, 503, 56 S.Ct. 349, 352, 80 L.Ed. 351 (1936). This should particularly be so in the case of federal tax collection remedies because the Supreme Court has recognized that the collection of taxes is the "life-blood of government." *Franchise Tax Board v. USPS,* 467 U.S. 512, 523, 104 S.Ct. 2549, 2555, 81 L.Ed.2d 446 (1984) (quoting *Bull v. United States,* 295 U.S. 247, 259–60, 55 S.Ct. 695, 699, 79 L.Ed. 1421 (1935)).

Repeal by implication should be allowed here only if the two statutes' provisions are in irreconcilable conflict. *Radzanower v. Touche Ross & Co.,* 426 U.S. 148, 155, 96 S.Ct. 1989, 1993, 48 L.Ed.2d 540 (1976). That is to say, the provision of § 6321 that the tax lien attaches to all of the debtor's property should be deemed repealed in the case of TSP accounts only if necessary to make the TSP statute work. *Radzanower,* 426 U.S. at 155, 96 S.Ct. at 1993. Demonstrably the TSP statute is susceptible to a reasonable and workable interpretation which does not bar the attachment of federal tax liens to TSP accounts.

---

property and $22,000 of the debtor's equity in a cooperative housing unit.

**3.** The balance in the account on the petition date was $19,375.00, but the debtor had a loan charge against the account of approximately $11,000 pursuant to 5 U.S.C. § 8433(g). Counsel for the IRS announced at oral argument that the IRS does not wish to press any argument that $19,-375.00 is the amount of its allowed secured claim. The IRS recognizes that the debtor is entitled to recover $19,375.00 only if she repays the $11,000. IRS Brief at 15 n. 8. That $11,000 would be repaid out of post-petition assets which are not subject to the IRS lien. During the pendency of this chapter 13 case, the federal tax

liens do not attach to such post-petition property (or, perhaps more accurately, are not given effect with respect to such property by reason of the automatic stay of 11 U.S.C. § 362(a)). Once the debtor receives a chapter 13 discharge, the underlying tax liabilities will be discharged and post-petition assets will not become subject to the tax liens. Thus, for purposes of this chapter 13 case, the tax lien is not enforceable against any contributions to the TSP account made with post-petition property, *In re Anderson,* 149 B.R. 591, 595 (9th Cir. BAP1992), and this would include any amounts used to pay off the TSP loan.

### B.

█ A TSP account is subject to seizure by levy under 26 U.S.C. § 6331(a) because 26 U.S.C. § 6334(c) provides that no properties other than those specifically listed in § 6334(a) shall be exempt from levy "[n]otwithstanding any other law of the United States. . . ." This plain language bars interpreting 5 U.S.C. § 8437(e)(2) as proscribing a § 6331 levy on a TSP account. *Cf. Shanbaum v. United States,* 32 F.3d 180, 183 (5th Cir.1994) (based in part on plain language of § 6334(c), ERISA pension benefits subject to IRS levy despite ERISA's requirement that pension plan contain anti-alienation clause).

The debtor points to earlier bills in Congress that would have included "debts owed by the individual to the United States" as an additional exception to the proscriptions of 5 U.S.C. § 8437(e)(2). *See* S. 1527, 99th Cong., 1st Sess. (1985) (proposed 5 U.S.C. § 8434(d)(1)). That language was dropped from the final statute.[4] That deletion is inconsequential. The plain language of 26 U.S.C. § 6334(c) made it unnecessary to retain the deleted language (which applied to *all* claims of the United States) or some modification thereof in order for IRS levies to be excepted from the proscriptions of 5 U.S.C. § 8437(e)(2).

█ Having concluded that a federal tax *levy* is not barred by the proscriptions of 5 U.S.C. § 8437(e)(2), it is doubtful that Congress intended that the attaching of a federal tax *lien,* a much less drastic and invasive collection enforcement measure, is barred by § 8437(e)(2). Particularly in light of the adjunct role a levy plays to a tax lien, Congress would not likely have intended that a TSP account could be levied on but could not be subjected to a tax lien under 26 U.S.C. § 6321.

Under § 6321 the federal tax lien attaches to "all property and rights to property, whether real or personal, belonging to [the taxpayer]." This language "is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." *United States v. Nat'l Bank of Commerce,* 472 U.S. 713, 719–20, 105 S.Ct. 2919, 2924, 86 L.Ed.2d 565 (1985) (citation omitted). "A federal tax lien, however, is not self-executing. Affirmative action by the IRS is required to enforce collection of the unpaid taxes." *Id.* at 720, 105 S.Ct. at 2924. As observed in *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 209–210, 103 S.Ct. 2309, 2316, 76 L.Ed.2d 515 (1983), the levy power is a means of enforcement of the tax lien and "[t]he Service's interest in seized property is its lien on that property." Viewing a levy as an adjunct to tax liens, it is implicit that a TSP account's exposure to tax levy includes subjecting the account to the tax lien which the levy enforces.

Concededly, by the terms of § 6331 itself, a levy can be made on either property belonging to the taxpayer or on property subject to a tax lien (as in the case of property the debtor has conveyed to another before levy has been attempted).[5] But because Congress wanted to preserve the IRS's right to levy, it surely must have intended to preserve the IRS's right to take steps to assure that the levy power would be enforceable to the hilt.

Two examples of how a tax lien maximizes the effectiveness of a levy suffice. First, consider those instances in which other creditors execute on a TSP account[6] and would defeat a subsequent § 6331 levy if no notice of tax lien had been earlier filed under 26 U.S.C. § 6323. Second, consider the protection the tax lien would give the IRS if the ownership of the account passed by reason of the death of the taxpayer to someone else.

---

4. The debtor's counsel was unable to uncover any committee reports or floor statements explaining this change.

5. 26 U.S.C. § 6331(a) provides in relevant part:
   (a) **Authority of Secretary.**—If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax . . . by levy upon all property and rights to

property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. . . .

6. A TSP account can be executed upon, for example, to enforce an employee's obligations to provide certain child support or make certain alimony payments. 5 U.S.C. § 8437(e)(3).

The lien would remain on the funds and the IRS could levy on the funds as subject to the tax lien.

Indeed, some courts have held that a federal tax levy does not serve to accord the IRS any secured status against subsequent lienors, such that the IRS has no priority secured status unless it earlier filed a notice of tax lien.[7] If that is a correct holding, that would only strengthen the case for holding that a federal lien attaches to a TSP account.[8] But even if, as other courts have held [9], a levy *can* serve to accord the IRS a secured status, Congress would not likely have deprived the levy power of the assistance that would be afforded it by the attaching of an earlier-filed federal tax lien.

Congress did not intend in enacting the TSP statute to diminish the property that a tax levy could reach with a first priority by immunizing a TSP account from the reach of the tax lien itself. Its concern, instead, was to prevent other creditors from taking steps allowing them to collect from TSP accounts.

Concededly, a lien is not a levy. For example, property can be subject to a lien which is exempt from a levy. *In re Voelker*, 42 F.3d 1050, 1052 (7th Cir.1994); *United States v. Barbier*, 896 F.2d 377, 379 (9th Cir.1990). It does not follow from this that a TSP account which, in regard to an IRS levy, is expressly excepted by 26 U.S.C. § 6334(c)

from the TSP statute's anti-alienation provisions, is in the absence of express congressional provision, exempt by reason of those same anti-alienation provisions from being subject to a federal tax lien.

This is because Section 8437(e)(2) addresses a goal of guarding against unwise assignments by the employee beneficiary of a TSP account and safeguarding the account from being subject to attack by creditors *in general*. The federal tax lien statute "relates to the taxpayer's rights to property and not to his creditors' rights." *National Bank of Commerce*, 472 U.S. at 727, 105 S.Ct. at 2928.

Thus, the IRS is in a different status from ordinary creditors by reason of its right to levy on a TSP account. Unless § 8437(e)(2) expressly overrides the tax lien statute, which it does not, the doctrine against implicit repealers requires that tax liens should attach to a TSP account because such accounts *are* subject to collection-attack by the IRS (via levy) and because the tax lien furthers that right of levy.

It is evident that by providing that TSP accounts are subject to levy under § 6331, Congress confirmed the broader presupposition that such accounts are subject to Federal tax liens. *Cf. In re Taylor*, 81 F.3d 20, 24 (3d Cir.1996) ("these sections, read together, evidence a congressional concern to preserve

---

7. *International Fidelity Insurance Co. v. United States*, 949 F.2d 1042, 1047 (8th Cir.1991); *Southern Rock, Inc. v. B & B Auto Supply*, 711 F.2d 683, 686–88 (5th Cir.1983); *United States v. Jenison*, 484 F.Supp. 747 (D.R.I.1980).

8. If the IRS seized a TSP account by levy and the debtor filed bankruptcy before the TSP account was paid over to the IRS, the TSP account would remain property of the estate. *In re Wolensky's Ltd. Partnership*, 163 B.R. 629, 635–36 (Bankr. D.D.C.1994). If the levy by itself does not serve to give the IRS a secured status, and the federal tax lien is held not to have attached to the TSP account, then the levy would entitle the IRS to no special treatment in the bankruptcy case. The court thinks it highly unlikely, given the express exemption of federal tax levies from the reach of the TSP anti-alienation provisions, that Congress intended that a taxpayer could defeat the IRS levy by the expedient of filing a bankruptcy case before the funds were paid to the IRS.

9. *American Acceptance Corp. v. Glendora Better Builders, Inc.*, 550 F.2d 1220, 1222 (9th Cir.

1977); *First National Bank of Norfolk v. Norfolk & Western Ry.*, 327 F.Supp. 196, 199 (E.D.Va. 1971). A tax levy is tantamount to a judgment execution, reducing the seized property to the IRS's constructive possession, and turning the obligor into a custodian on behalf of the IRS. *United States v. National Bank of Commerce*, 472 U.S. at 720, 105 S.Ct. at 2924; *United States v. Hemmen*, 51 F.3d 883, 891 (9th Cir.1994). That raises an issue whether any creditor can obtain a possessory lien after service of a notice of levy. Moreover, under 26 U.S.C. § 6332(d), an obligor's payment to the IRS pursuant to a levy discharges any obligation owed the IRS. If a judgment lienor's rights can rise no higher than the taxpayer's rights in the obligation, then a levy may well render any subsequent judgment execution ineffective against the IRS levy. So the IRS may enjoy a limited secured status by reason of a notice of levy. But at least one case holds that the IRS levy does not accord the IRS priority against even a judgment lien. *Jenison*, 484 F.Supp. at 755–57.

the collectability of tax claims"); *Seminole Tribe of Florida v. Florida,* — U.S. —, ——, 116 S.Ct. 1114, 1122, 134 L.Ed.2d 252 (1996) (although Eleventh Amendment is limited on its face to diversity jurisdiction, it confirms the broader presupposition that "federal jurisdiction over suits against nonconsenting states 'was not contemplated by the Constitution when establishing the judicial power of the United States'" quoting *Hans v. Louisiana,* 134 U.S. 1, 15, 10 S.Ct. 504, 507, 33 L.Ed. 842 (1890)).

Accordingly, it might be possible to argue that the TSP statute does not alter the federal tax lien statute one whit, namely, to argue that a § 6331 levy is an auxiliary to enforcement of a § 6321 lien and the exception for tax levies necessarily carries with it tax liens as well, together with all remedies for enforcement of the lien, such as foreclosure. It is not necessary for purposes of this decision to go that far.[10] It suffices to conclude that the tax lien attaches at least to the extent of preserving the right of levy and that the lien is enforceable as a secured claim which assures the priority of any potential exercise of the right of levy, whether the levy power is exercised or not.

### C.

■ A close examination of the anti-alienation provisions of the TSP statute further supports the conclusion that the § 6321 lien, in the context of TSP accounts, is at least enforceable as auxiliary to the § 6331 levy power that is excepted from the anti-assignment and anti-alienation provisions of the TSP statute. Section 8437(e)(2) bars a federal tax lien from attaching to a TSP account only if the funds in the account would thereby be "assigned or alienated or ... subject[ed] to execution, levy, attachment, garnishment, or other legal process." A federal tax lien is not a form of "legal process" in the category of the enumerated forms of "legal process." Nor is the attaching of a federal tax lien a form of "assignment." That leaves the question whether the attaching of a federal tax lien is a form of "alienation." The TSP statute does not define the term "alienate."

### 1. *General Definition of Alienation*

■ The definition of "alienate" in Black's Law Dictionary and other dictionaries limits alienation to acts resulting in a change in title. For example, Webster's Third New International Dictionary defines alienate as "to convey or transfer to another (as title, property, or right): part voluntarily with ownership of." Cases interpreting "alienate" in federal pension statutes have looked to this definition. *Rodney L. Powell,* 101 T.C. 489, 497, 1993 WL 488601 (1993); *Boggs v. Boggs,* 849 F.Supp. 462, 464 n. 1 (E.D.La.1994). This definition precludes affixing the label "alienation" to the attaching of a tax lien because that act does not result in a change in title. The lien does not transfer the taxpayer's title, possession or interest in the property. *United States v. Diemer,* 859 F.Supp. 126 (D.N.J.1994). Rather, the attachment of a tax lien merely serves as a charge upon the property securing payment to the United States. *In re Voelker,* 42 F.3d 1050, 1052 (7th Cir.1994); *United States v. Barbier,* 896 F.2d 377, 379 (9th Cir.1990); *United States v. Sullivan,* 333 F.2d 100 (3d Cir.1964); *United States v. Phillips,* 267 F.2d 374 (5th Cir.1959). "The inalienability of the pension interests does not destroy their character as property or immunize the interest from the attachment of a federal tax lien." *In re Raihl,* 152 B.R. 615, 618 (9th Cir. BAP 1993). Here the tax lien secures payment to the United States via the right of levy which is expressly not subject to the anti-garnishment provisions of the TSP statute.

### 2. *Comparison to ERISA Anti-Alienation Provisions*

The Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, contains an anti-assignment and anti-alienation provision similar to the TSP statute's provision. ERISA pension benefit plans are required by ERISA § 206(d)(1), 29 U.S.C. § 1056(d)(1), to contain a prohibition against assignment or alienation. The governing regulations define "assignment" and "alienation" as "[a]ny direct or indirect arrange-

**10.** *See* footnote 11, *infra.*

ment (whether revocable or irrevocable) whereby a party acquires from a participant or beneficiary a right or interest enforceable against the plan in, or to, all or any part of a plan benefit payment which is, or may become, payable to the participant or beneficiary." 26 C.F.R. § 1.401(a)–13(c)(1)(ii). As stated in *Guidry v. Sheet Metal Workers National Pension Fund*, 39 F.3d 1078, 1082 (10th Cir.1994), "[t]he terms 'alienation' and 'assignment' are meant only to cover those arrangements that generate a right enforceable against a plan." Because TSP accounts are already subject to the right of collection enforceable by levy, subjecting such accounts to tax liens in aid of the right of levy does not constitute an alienation.

As in the case of TSP accounts, the IRS already has a right enforceable against an ERISA pension benefits plan by means of levy. 26 C.F.R. § 1.401(a)–13(b)(2). Although tax liens are not specifically exempted from being affected by an anti-alienation clause in an ERISA plan, the courts have given tax liens effect against such plans based, in part, on the fact that such plans are subject to § 6331 levies. *In re Reed*, 127 B.R. 244, 247–48 (Bankr.D.Ha.1991); *In re Perkins*, 134 B.R. 408, 411 (Bankr.E.D.Cal. 1991); *In re Jacobs*, 147 B.R. 106, 108–109 (Bankr.W.D.Pa.1992); *In re Evans*, 155 B.R. 234, 235 (Bankr.N.D.Okla.1993).

Admittedly those cases cite as well cases holding that state law exemptions cannot immunize property from federal tax collection. But the anti-alienation provision an ERISA plan must contain is federally mandated. Indeed, when an ERISA-required anti-alienation provision does not suffice under state law to qualify the trust as a spendthrift trust, the ERISA anti-alienation provision is enforceable as a matter of federal law. *See Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992).

It must be further acknowledged that some cases rest as well on the fact that ERISA contains a provision that it shall not be "construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States...." 29 U.S.C. § 1144(d). *Ameritrust Co., N.A. v. Derakhshan*, 830 F.Supp. 406, 410 (N.D.Ohio 1993); *In re Schreiber*, 163 B.R. 327, 334 (Bankr.N.D.Ill. 1994). Regardless, there is no evidence that Congress intended to abrogate long-standing federal tax lien law and to make a different result apply in the case of the TSP statute's anti-alienation provision. The exemption of levies from the anti-alienation provision implicitly carries with it attachment of the related lien, just as in the case of ERISA pension benefits. Congress did not need expressly to preserve the reach of the federal tax lien. It sufficed to express that intent by implication.

For sound reasons, the fact that a tax claim is already enforceable by levy against either ERISA pension benefits or a TSP account ought to preclude labeling the attachment of a tax lien under 26 U.S.C. § 6321 as an alienation of the property. It is the levy which allows the account to be seized and an alienation to be accomplished.[11] The attachment of the lien to the account is merely a prelude to undertaking levy itself and does not effect an alienation. The lien, which is not self-executing, merely encumbers the TSP account for eventual enforcement via levy and can be viewed as a step in the levy process. It is an auxiliary to the right of eventual levy and collection of the tax. The lien (along with the filing of notice of tax lien) assures that the levy will take priority against any other creditor who obtains a lien against the funds in the account before an IRS levy is made and against any donee of funds withdrawn from the account.

---

11. Arguably the TSP statute only allows the federal tax lien to attach in aid of levy, the only form of alienation via tax collection specifically excepted from the TSP statute's anti-alienation provision, and not as an independent vehicle for effecting an alienation. But once it is concluded that the tax lien does attach to the TSP account to encumber it as an auxiliary to the right of eventual levy, the lien itself may be enforced at the very least to the extent of the potential right

of levy that is preserved by the lien. Here a levy would be fully enforceable: no exemption under 26 U.S.C. § 6334(a) applies here. Accordingly, whether the TSP statute is viewed as not repealing the lien statute at all (*see* part I(B) of this decision) or as repealing it to the extent that independent lien enforcement rights would be greater than rights pursuant to levy, the result here would be the same.

#### D.

Enforcing the lien in the debtor's chapter 13 bankruptcy case is similarly not barred by § 8437(e)(2). That enforcement would be via allowing the IRS a secured claim under 11 U.S.C. § 506(a) and according that secured claim the payments to which it is entitled under 11 U.S.C. § 1325(a)(5) if the debtor chooses to provide for the claim under her plan. Such enforcement is not one of the acts proscribed by § 8437(e)(2). Rather, it is simply a recognition of the enforceable non-bankruptcy law rights the IRS holds against the account.

The lien acts to hold the IRS's claims to the account in place until the levy itself can be made. When, as here, the lien itself is enforced, it is but in recognition of the rights the IRS would have upon a levy being served. That is no different than recognizing the amounts that a mortgagee would realize by foreclosure sale as a secured claim even though bankruptcy stays the creditor from undertaking the act of foreclosure.

#### E.

This interpretation of the statutes does not create the result, probably unintended by Congress, of subjecting a TSP account to enforcement under 11 U.S.C. § 506(a) of state-created statutory liens. Section 506 only applies to property of the estate. A TSP account becomes property of the estate only to the extent that the account is not beyond the reach of creditors outside

bankruptcy. Under 11 U.S.C. § 541(c)(2) "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." This is an exception to the general rule under 11 U.S.C. § 541(c)(1) that an interest of the debtor in property becomes property of the estate notwithstanding nonbankruptcy law restrictions against transfer. *See Patterson v. Shumate,* 504 U.S. at 753, 112 S.Ct. at 2242 (ERISA anti-alienation provisions required exclusion of ERISA pension benefits from bankruptcy estate). Accordingly, as regards state-created statutory liens, a TSP account would not be property of the estate and, accordingly, 11 U.S.C. § 506(a) would be inapplicable to such liens.[12]

Nevertheless, as this court has held on slightly different facts, the TSP account would in effect have a split personality by remaining property of the estate for purposes of federal tax claims even though it is not property of the estate for purposes of other creditors' claims.[13] *In re Lyons,* 148 B.R. 88 (Bankr.D.D.C.1992). *See also In re Carlson,* 180 B.R. 593 (Bankr.E.D.Cal.1995). Because the TSP account would be estate property only as to the IRS, any plan provision for the IRS's claim must take account of its secured status. 11 U.S.C. § 1325(a)(5).[14]

#### II

The debtor's second argument is that the anti-alienation clause renders the IRS lien inchoate because the IRS has not perfected

---

**12.** It suffices for purposes of this decision to note that a state-created lien cannot be presently enforced against funds in the TSP account. It is unnecessary to address what would happen outside bankruptcy once the funds in the account are paid to the employee and arguably lose their execution-immune TSP account status. That is to say, it is unnecessary to address whether the state-created lien would never even attach to the funds while they are in the TSP account because such a lien would be unenforceable. *See General Motors Corp. v. Buha,* 623 F.2d 455, 460 (6th Cir.1980) (ERISA anti-alienation and anti-assignment provisions reach all encroachments, both voluntary and involuntary).

**13.** Treating the property as non-estate property would have the unintended result, for example, of depriving a chapter 7 trustee of resort to the lien under 11 U.S.C. § 724(b).

**14.** Indeed, even if the IRS were not secured, any plan arguably would have to assure that the IRS would be paid to the extent of its right to proceed against the TSP account. The account would be estate property as to it because of its unique power to reach the account by levy. In a chapter 7 case, the IRS could receive payment from the TSP account (for example, by way of the trustee's consenting to relief from the automatic stay of 11 U.S.C. § 362(a) to permit levy in order to maximize distributions to other creditors). Thus, any chapter 13 plan would arguably have to provide for the IRS to be paid to the extent of its right to levy. *See* 11 U.S.C. § 1325(a)(4). If the argument is a valid one, that does not render academic the issue whether the IRS claim is secured: the IRS would be entitled to interest under 11 U.S.C. § 506(b) if over-secured and there might be lien priority disputes.

its lien by levy or judgment, citing *In re Taylor*, 91–2 U.S. Tax Cas. (CCH) ¶ 50,354, 1991 WL 185110 (Bankr.D.Md.1991). In *Taylor*, the IRS claimed to have a lien on the debtor's ERISA-qualified pension benefit accounts. As discussed in part I(C)(2) of this decision, 26 C.F.R. § 1.401(a)–13(b)(2) provides that tax levies and judgments can be enforced against ERISA pension benefits but is silent as to whether tax liens attach. The bankruptcy court concluded that due to the regulation the only way the IRS could enforce its tax claim was by obtaining a prepetition levy or judgment. Having done neither, the court concluded that "the mere filing of tax liens effected no transfer of interests in a qualified plan" and thus that the IRS "lien is inchoate, vis a vis the accounts."

To the extent that *Taylor* rests on an assumption that federal tax liens do not attach to ERISA accounts, it is in error for the reasons discussed in part I(C)(2) of this decision and has been expressly criticized on this score by *Schreiber*, 163 B.R. at 333–34. To the extent that *Taylor* rests on the assumption that levy or judgment is necessary to make a federal tax lien choate, it is similarly in error. *United States v. City of New Britain*, 347 U.S. 81, 84, 74 S.Ct. 367, 369, 98 L.Ed. 520 (1954) (lien is choate "when the identity of the lienor, the property subject to the lien, and the amount of the lien are established" and the federal tax lien, as a general lien which attached at the time of assessment to all of the taxpayer's property, was thus perfected).

### Conclusion

For all of these reasons, the court will grant summary judgment in favor of the IRS. Within 21 days of entry of this decision, the parties shall submit an order reflecting the court's ruling and their stipulations (*see* nn. 2 and 3, *supra*).