**In re Jerald D. SAUNDERS, Debtor.**

**Jerald D. Saunders, Plaintiff,**

**v.**

**United States of America, Defendant.**

**Bankruptcy No. 94–23489–BCK–RBR.**

**Adversary No. 95–0475–BKC–RBR–A.**

United States Bankruptcy Court,
S.D. Florida,
Broward Division.

July 6, 1999.

Patrick S. Scott, Patrick S. Scott, Assoc., P.A., Fort Lauderdale, Florida, for debtor/plaintiff.

Robert L. Welsh, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, D.C., for the United States of America.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

RAYMOND B. RAY, Bankruptcy Judge.

This matter came before the Court upon the Final Order Affirming/Reversing

---

Bankruptcy Court's Order entered by the United States District Court for the Southern District of Florida on February 25, 1999. The Court conducted a Status Conference on May 18, 1999 after which the parties submitted an Agreed Statement of Issue on Remand wherein the parties framed the issue before the Court as follows:

Whether because the funds held in the IRA account were not property of the estate, the Bankruptcy Court does not have jurisdiction to determine the rights of the parties to the funds held in that account.

### Background

The Debtor, Jerald Saunders, first filed for bankruptcy relief under Chapter 7 of the Bankruptcy Code on July 6, 1994. The case was eventually dismissed at the request of the Debtor, who filed his second petition on September 9, 1994. At the time of the Debtor's first petition, he owed the Internal Revenue Service ("IRS") over $500,000.00 in delinquent federal income taxes, interest, and penalties for the years 1978, 1979, 1983, 1984, 1985, 1986, and 1987.

The Debtor was a pilot for Pan American Airways ("Pan Am") who lost his job when the airline filed for bankruptcy relief in 1991. As an employee of Pan Am, the Debtor had an interest in two ERISA Title I qualified pension plans. During the course of Pan Am's bankruptcy proceedings, the Debtor's interest in the pension plans was terminated. As a result, in March of 1993, the Debtor rolled the funds into individual retirement accounts ("IRA") held at Smith Barney Shearson, Inc. ("Smith Barney"). The Debtor claimed those funds as exempt on his Schedule C, and no objection was filed. Therefore, the funds are not property of the Chapter 7 estate.

The IRS recorded two Notices of Federal Tax Lien with respect to the Debtor's tax delinquencies. The first was filed in Washington, D.C. on September 20, 1991.

The other was recorded in the public records of Broward County, Florida on September 8, 1994 after the dismissal of the original Chapter 7.

Prior to the Debtor filing for bankruptcy, the IRS mailed a Notice of Levy to Smith Barney. The notice, which was received by Smith Barney on June 14, 1994, instructed Smith Barney to hold the Debtor's funds for 21 days from the date of receipt of the notice, and thereafter release the funds to the IRS on July 6, 1994. Before Smith Barney could release the funds, the Debtor for bankruptcy protection.

In his Complaint filed in this adversary proceeding, the Debtor sought a determination that his entire obligation to the IRS was dischargeable except for the taxes, interest and penalties for the 1986 tax year. The Debtor also sought a determination that the notices of federal tax lien filed by the IRS were ineffective.

On January 26, 1996, this Court entered a Memorandum Decision and Order wherein the Court determined both notices of federal tax lien were ineffective and avoided same. The Court also found the Debtor's tax liability, along with interest and penalties assessed thereon, were dischargeable for the 1978, 1979, and 1987 tax years. Finally, the Court found the Debtor's liability for penalties arising from tax years prior to 1991 to be dischargeable.

The Debtor appealed the Court's ruling and, on February 25, 1999, the District Court affirmed this Court's ruling as to all issues except for this Court's finding that the September 8, 1994 notice of federal tax lien violated the automatic stay. The District Court also remanded the matter back to this Court "to enter whatever orders are necessary consistent with the ... rulings, including addressing the rights of the parties with respect to the IRA accounts at Smith Barney." *Saunders v. U.S. (In re Saunders)*, 240 B.R. 636 at 645 (S.D.Fla. 1999).

### Discussion

■ The question presently before the Court, as stipulated by the parties, is whether the Court has jurisdiction to determine the rights of the parties to the funds held in the Smith Barney accounts given the fact that the funds are not property of the Chapter 7 estate. For the following reasons, the Court finds that it does in fact have jurisdiction to make such a determination.

The jurisdiction of the Bankruptcy Court originates with the District Court and is set forth in 28 U.S.C. § 1334 which provides as follows:

(b) [T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

(e) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate.

The clear language of § 1334(e) provides for jurisdiction over all property of the Debtor, not merely property of the estate. As the Bankruptcy Appellate Panel of the Ninth Circuit recognized in *Anderson v. United States (In re Anderson)*, 149 B.R. 591 (9th Cir. BAP 1992), since § 1334 grants exclusive jurisdiction over *all* property of a debtor, the bankruptcy court had subject matter jurisdiction to determine whether an IRS tax lien attached to the debtor's interest in a pension plan. In *Anderson,* the Panel also noted that the IRS filed a proof of claim and was a creditor of the estate. Therefore, a determination of the validity of the IRS lien affected the debtor-creditor relationship. *Id.* at 594.

This case is no different than *Anderson.* While the funds held by Smith Barney are not property of the estate, they remain property of the Debtor. Moreover, the IRS filed a proof of claim and is a creditor of the estate. Therefore, a determination of whether the claim of the IRS can be satisfied by the Debtor's exempt assets will affect the distribution to other creditors from estate property. As such, the Court finds that this proceeding is at least related to the Debtor's case under § 1334(b).[1]

■ A determination that the Court has jurisdiction over the Debtor's exempt property is reinforced by other provisions of the Bankruptcy Code. For instance, the liability of exempt property for certain debts and liens is set forth at 11 U.S.C. § 522(c), and limitations on the enforceability of a waiver of an exemption are specified at § 522(e). *See In re Grimes,* 6 B.R. 943 (Bankr.D.Kan.1980). In addition, § 362(a)(5) operates to stay any action to enforce liens against a debtor's exempt property to the extent the liens secure claims that arose before commencement of the case. As the Bankruptcy Court for the District of Kansas explained, "[a] determination of property's exempt status is designed to benefit the debtor, not terminate the bankruptcy court's jurisdiction." *Id.* at 946.

---

1. The Court is aware of the case of *United States v. Lewis (In re Lewis),* 142 B.R. 952 (D.Colo.1992), wherein the District Court for the District of Colorado relied on the case of *Gardner v. U.S. (In re Gardner),* 913 F.2d 1515 (10th Cir.1990), and held that a dispute between the IRS and the debtor over exempt property was not a core or related proceeding and, therefore, the bankruptcy court lacked jurisdiction. The Court has reviewed both the *Lewis* and *Gardner* cases and finds them unpersuasive since, in *Gardner,* the debtor held no interest in the property over which the Bankruptcy Court declined to assert jurisdiction. As the *Gardner* Court recognized, "the bankruptcy court lacks related jurisdiction to resolve controversies between third party creditors which do not involve the debtor or his property unless the court cannot complete administrative duties without resolving the controversy." *Id.* at 1518. The facts in this case are distinguishable in that the controversy is between the Debtor and a creditor, and it involves property of the Debtor.

**850**

Accordingly, pursuant to the above, the Court finds that it has jurisdiction to determine the right of the parties to the funds held by Smith Barney, notwithstanding the fact that the funds are exempt property of the Debtor.