**In re Barrett A. KEYES, Debtor.**

No. 99–52630.

United States Bankruptcy Court,
E.D. Virginia,
Newport News Division.

Aug. 24, 2000.

Harry W. Jernigan, III, Virginia Beach, VA, for debtor.

George W. Neal, Portsmouth, VA, trustee.

## MEMORANDUM OPINION AND ORDER

DAVID H. ADAMS, Bankruptcy Judge.

This case comes before the Court on the IRS's Motion for Summary Judgment on its Objection to Confirmation. The issues presented involve interpretations of §§ 541 and 506 of the Bankruptcy Code, which are purely questions of law. The controversy is ripe for determination on the IRS's motion. This is a core proceeding and jurisdiction is proper pursuant to 28 U.S.C. §§ 1334 and 157(b)(2).

## FINDINGS OF FACT

The debtor filed for Chapter 13 protection on October 15, 1999 and filed an objection to the IRS's proof of claim contending that a significant portion of the IRS's claim is not secured by the debtor's ERISA qualified retirement. The IRS filed its Objection to Confirmation based on the plan's denial of secured status for much of its claim. The parties agree that controversy between them is solely a matter of law and hence the IRS filed the instant Motion for Summary Judgment. A trial on the issues is scheduled for September 7, 2000.

The IRS filed a proof of claim asserting a secured claim in the amount of $33,869.89, a priority claim for $30,800.80 and an unsecured claim for $104,065.79. The debtor asserts that the IRS secured claim is excessive in that it relies on the IRS prepetition lien against the debtor's employee stock ownership plan. The contention of the debtor is that the lien on the retirement plan cannot support the IRS secured claim in this Chapter 13 case.

## CONCLUSIONS OF LAW

The issue in this case revolves around whether or not debtor's ERISA-governed employee stock ownership plan can be used to secure the IRS's claim in the Chapter 13 context due to the fact that the retirement plan is excluded from the debtor's bankruptcy estate. There appears to be a split of authority on this issue that is one of first impression in this District.

Both parties agree that an ERISA-qualified plan is excluded from the bankruptcy estate under 11 U.S.C. § 541(c)(2) pursuant to the Supreme Court's holding in *Patterson v. Shumate,* 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992) (IRS's Memorandum of Law, p. 5; Debtor's Brief, p. 3). That decision was followed by this court in *In re Hanes,* 162 B.R. 733 (Bankr.

E.D.Va.1994) (non-alienation provision enforceable under Employee Retirement Income Security Act (ERISA) will exclude from bankruptcy estate property consisting of a beneficial interest in ERISA-qualified pension plan). There is also no dispute that the debtor's retirement plan is subject to the lien of the IRS for unpaid taxes. At issue in this case, however, is whether property exempt from debtor's estate may nonetheless secure an IRS lien for unpaid taxes and thereby influence the distribution to the IRS under the Chapter 13 plan. We hold that it does not.

In support of its position that property otherwise excluded from debtor's estate may still form the basis of an IRS secured claim in bankruptcy, the taxing authority cites *In re Lyons,* 148 B.R. 88 (Bankr.D.C. 1992) and *In re Jones,* 206 B.R. 614 (Bankr.D.C.1997), both from the District of Columbia's Bankruptcy Court. *In re Lyons* involved a retirement plan that the court found to be a "spendthrift trust" under New York law. The court held that spendthrift trusts under New York law, although effective against ordinary creditors, are ineffective against federal tax liens. Therefore, state law anti-alienation provisions could not supersede federal tax liens against the debtor's interest in his retirement assets.

*In re Jones* involved a thrift savings plan (TSP) rather than an ERISA plan. The same court which decided *Lyons* extended its holding to find that the anti-alienation and anti-assignment provisions in the plan, which resemble those found in ERISA qualified plans, were not enforceable against the federal government in its capacity as a federal income tax lienor, such that the account remained "property of the estate" only for purposes of the federal government's tax claims, giving the asset a dual, "split personality" nature. *Id.,* at 621. The court reasoned that ERISA plan assets were not among those specifically delineated as exempt from IRS levy and that affording the IRS secured status was simply "a recognition of the enforceable non-bankruptcy law rights the IRS holds against the account." *Id.,* at

621. Those decisions endorse the fiction that a "qualified" retirement plan is not § 541 property of the estate, but that the exempt property can be relied on by the IRS to create larger, mandatory distributions under the Chapter 13 plan.

The Maryland Bankruptcy Court came to a similar decision in *In re Hartso* [98–1 USTC ¶ 50,430], 1998 WL 419578 (Bankr. D.Md.), in which it found that the IRS was secured to the extent of the value of debtor's personal property, including the debtor's retirement plan. Whether the plan was ERISA qualified or contained anti-alienation provisions under state or federal law is unclear.

The reasoning in *Jones* has been both distinguished and dismissed by other courts. A North Carolina Bankruptcy Court held that a postal employee's retirement plan "is clearly not property of the estate under section 541(c)(2) of the Bankruptcy Code and under the tenets of *Patterson v. Shumate.*" *In re Wilson,* 206 B.R. 808 (Bankr.W.D.N.C.1996). Finding that the claim was not secured by any property of the estate, the court granted the IRS relief from the automatic stay to permit it to exercise any rights it had against the debtor's retirement plan under nonbankruptcy law. *Id.,* at 809.

The recent case of *In re Persky* [98–2 USTC ¶ 50,786], 1998 WL 695311, 1998 U.S. Dist. LEXIS 15509 (E.D.Pa.1998) further dismisses the *Jones* decision as illogical. The *Persky* court found that the reasoning of the *Jones* court was flawed in that it relied heavily on that court's previous *Lyons* decision, which dealt not with federal anti-alienation provisions, but rather with state law. The Court concluded that the tax lien on a spendthrift trust which is excluded from the bankruptcy estate is not a secured lien for purposes of calculating Chapter 13 eligibility under 11 U.S.C. § 109(e):

The circumstances in the case presently before the Court are significantly different that [sic] the situation in *In re Lyons.* Here, the parties have stipu-

lated that the Trust is excluded pursuant to § 541(c)(2)... In addition, the Lyons Court acknowledged that for the IRS to have a secured claim it must have a claim secured by property of the estate... Therefore, even under the reasoning of *Lyons,* the IRS's tax lien on the Trust cannot serve as a secured claim for purposes of bankruptcy because the IRS's claim is not secured by a lien on property of the estate. *Id.,* at 6.

It is interesting to note that the IRS in the case *sub judice* takes a position exactly opposite of that it espoused in the *Persky* case. Here, the IRS argues that its lien on exempt property should be included in terms of distributions to secured creditors under the Chapter 13 plan. In *Persky* the IRS maintained that its prepetition lien does not mean that it had a secured claim in a Chapter 13 case.

 We concur with the reasoning applied in *Persky.* As in this case, the court is dealing with property that both parties agree is excluded from the bankruptcy estate under *Patterson.* While it is clear that an asset of the debtor is subject to the IRS lien as provided for by statute, there is simply no statutory authority for granting it a "split personality" to include it in the bankruptcy estate simply for purposes of securing the IRS's lien. The property pursued by the IRS is not property of the debtor's estate and never came under the control of this Court, as mandated by 506(a) and *Patterson,* and the Court cannot exercise control over such property for the purpose of determining distributions to secured creditors. Only creditors who have liens on property of the estate are entitled to superior treatment in a Chapter 13 plan. The Supreme Court's ruling in *Patterson* is clear that ERISA qualified plans do not become part of the bankruptcy estate. Therefore, the IRS's claim cannot be treated as secured because it does not have a "lien on property in which the estate has an interest," as required by 506(a).

Since the IRS's claim for unpaid taxes is not secured by the debtor's interest in his retirement plan, the Debtor's Objection to Claim is sustained, the IRS's Objection to Confirmation is denied, and the IRS's Motion for Summary Judgment is denied. The Internal Revenue Service is left to pursue its remedies under applicable state law.

IT IS SO ORDERED.