**In re James E. McIVER, Jr., Debtor.**

**No. 98–2–0564–PM.**

United States Bankruptcy Court,
D. Maryland.

Feb. 14, 2001.

---

Gerald A. Role, U.S. Department of Justice, Washington, DC, for creditor.

Ronald L. Schwartz, Law Office of Ronald Schwartz, College Park, MD, for debtor.

## MEMORANDUM DECISION GRANTING UNITED STATES OF AMERICA'S MOTION FOR REDETERMINATION OF CLAIM AND MODIFICATION OF DEBTOR'S CHAPTER 13 PLAN

PAUL MANNES, Chief Judge.

Before the court is the United States of America's Motion for Redetermination of Claim and Modification of Debtor's Chapter 13 Plan ("IRS' Motion"). This matter is being revisited by this court upon reversal and remand by the United States District Court for the District of Maryland of this court's Memorandum of Decision and Order Sustaining Debtor's Objection to Proof of Claim of Internal Revenue Service ("Memorandum of Decision and Order") issued on August 12, 1999.

## BACKGROUND

In its Memorandum of Decision and Order, this court sustained an objection ("Objection") by James E. McIver, Jr.'s ("Debtor") to the Proof of Claim filed by the Internal Revenue Service ("IRS"). The Debtor's Objection related to the IRS' assertion that it held a secured claim in the amount of $87,575.15 for federal individual income taxes, penalties, and interest for the tax periods ending December 31, 1986, December 31, 1987, and December 31, 1988. The IRS contends that it is secured as to Debtor's automobile, real estate, and all of Debtor's right, title, and interest to property pursuant to 26 U.S.C. § 6321. Debtor avers that the claim of the IRS should only be allowed as a secured claim in the amount of $32,539.00, based upon equity in certain of Debtor's real and personal property, but not secured as to Debtor's interest in annuities administered by the Teachers Insurance and Annuity Association/College Retirement Equities Fund ("TIAA/CREF annuities").

Whether the IRS is also secured as to Debtor's interest in the TIAA/CREF annuities was the central issue addressed by the Memorandum of Decision and Order. The court noted that while the IRS' tax lien may attach to Debtor's TIAA/CREF annuity payments, the annuities themselves are not property of the estate. *See Patterson v. Shumate,* 504 U.S. 753, 765, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). Accordingly, the IRS is not a "secured" creditor within the meaning of 11 U.S.C. § 506 by virtue of its tax lien against Debtor's interest in the TIAA/CREF annuities, because the TIAA/CREF annuities are excluded from property of the estate pursuant to 11 U.S.C. § 541(c)(2) and the holding of the United States Supreme

Court in *Patterson v. Shumate,* 504 U.S. at 765, 112 S.Ct. 2242. Because under 11 U.S.C. § 506(a) a secured claim for the purposes of a bankruptcy case is a claim secured by property in which the estate has an interest, the court sustained the Objection. This ruling left undisturbed the IRS' lien on Debtor's TIAA/CREF annuity payments.

On appeal, the United States District Court for the District of Maryland ("District Court") disagreed. The District Court agreed with the IRS' argument that the restrictions on transfer contained in the TIAA/CREF annuity contracts are not applicable to federal tax liens created by 26 U.S.C. § 6321 and thus are not "enforceable under applicable nonbankruptcy law" within the meaning of 11 U.S.C. § 541(c)(2). Accordingly, the District Court found that the TIAA/CREF annuities are property of the estate with respect to the IRS.

## DISCUSSION

The District Court relied upon a decision by the United States Bankruptcy Court for the District of Columbia, *In re Lyons,* 148 B.R. 88 (1992), and similar case law. At issue in *Lyons,* as in the matter before the court, was the extent of the IRS' security interest in TIAA/CREF annuity payments. The court noted that "applicable nonbankruptcy law" pursuant to 11 U.S.C. § 541(c)(2) includes federal tax lien law as well as state spendthrift law. The court noted that the TIAA/CREF annuities are not property of the estate as to ordinary creditors. However, the court found that since "[t]he courts of New York have long recognized that spendthrift trusts, although effective

against ordinary creditors, are ineffective against Federal tax liens," there is no "enforceable nonbankruptcy law" that would exempt the annuity payments from the federal tax lien. *Lyons,* 148 B.R. at 94 (citations omitted); 11 U.S.C. § 541(c)(2). Therefore, the court in *Lyons* held that the TIAA/CREF[1] annuity payments are property of the estate for purposes of federal tax claims. *Lyons,* 148 B.R. at 94.

The District Court also relied upon a 1997 opinion issued by the United States Bankruptcy Court for the District of Columbia, *Jones v. Internal Revenue Service (In re Jones),* 206 B.R. 614 (BC D.Dist.Col. 1997). In *Jones,* the tax lien at issue was against a Thrift Savings Plan account. The court found that although the Thrift Savings Plan account is not property of the estate with respect to state created statutory liens, it is nonetheless property of the estate for purposes of federal tax claims. *Id.* at 621. The court acknowledged that its findings in essence resulted in the Thrift Saving Plan account having a "split personality" with respect to the IRS vis a vis other creditors. *Id. See also Persky v. United States (In re Persky),* No. 98–2729, 1998 WL 695311 at *6 n. 9 (E.D.Pa. Oct.5, 1998).

Recent decisions have found otherwise. *See In re Keyes,* 255 B.R. 819 (BC E.D.Va. 2000); *Persky,* 1998 WL 695311. In *Persky,* the IRS switched positions from the position asserted here and argued that since a spendthrift trust for which the debtor was a beneficiary was excluded from property of the estate by virtue of 11 U.S.C. § 541(c)(2), the IRS' lien on the trust is not a secured claim for purposes of the bankruptcy estate. *Persky,* 1998 WL 695311 at *2.[1] The court stated as follows:

---

1. It was in the best interests of the IRS to support such a proposition in that the IRS sought to prevent the debtors from being eligible for Chapter 13 pursuant to 11 U.S.C.

109(e). The debtors were attempting to avoid a large amount of unsecured tax debt in their bankruptcy case. *Persky,* 1998 WL 695311 at *2.

The [debtors'] contention, however, that the IRS's tax lien should nevertheless be considered a secured claim for purposes of their bankruptcy case has limited and not persuasive support in case law.

*Id.* at *5. The court disagreed with the reasoning of the courts in *Lyons* and *Jones* and held that the IRS' tax lien could not be a secured claim under 11 U.S.C. § 506(a) because the claim was not secured by a lien on property of the estate. *Id.* at *5–6. *See also In re Wilson*, 206 B.R. 808, 810 (BC W.D.N.C.1996).

Similarly, the court in *Keyes* found that an ERISA governed employee stock ownership plan is excluded from property of the estate for purposes of all creditors, including the federal government's tax claims. 255 B.R. 819 (BC E.D.Va.2000). The court in *Keyes* agreed with the position taken by the IRS in *Persky* and noted:

> there is simply no statutory authority for granting [the asset] a "split personality" to include it in the bankruptcy estate simply for purposes of securing the IRS's lien. The property pursued by the IRS is not property of the debtor's estate and never came under the control of this Court, as mandated by 506(a) and *Patterson,* and the Court cannot exercise control over such property for the purpose of determining distributions to secured creditors.

*Id.* at 822.

The court notes that had the learned District Court judge had the benefit of the *Keyes* opinion, decided subsequently to the District Court's Memorandum Opinion reversing and remanding this court's Memorandum of Decision and Order, the District Court may have reconsidered its position. If this court were writing this decision on a clean slate, it would adhere to the position that 11 U.S.C. § 506(a) means what it says, and that a secured claim arises from a lien upon property upon which the estate has an interest. Therefore, the IRS would not have a secured claim against the TIAA/CREF annuities in this bankruptcy case, and whatever lien they do have remains and may be dealt with outside of bankruptcy. *See* 26 U.S.C. § 6321. While this court respectfully disagrees with the learned District Court judge's opinion, the court will nonetheless adhere to the law of the case and find that the IRS has an allowed secured claim against the TIAA/CREF annuities to the extent of their value. The value is to be fixed at the present value of the future stream of payments to be received by Debtor with respect to the annuities. Debtor's current Chapter 13 Plan provides that tax liens are to be paid in full to the extent secured by collateral, and Debtor is currently paying $700.00/month over a period of sixty months, with a $7,700.00 deposit having been made. Debtor's Chapter 13 Plan will need to be modified to provide for payments sufficient to satisfy the IRS' secured claim. An appropriate order will be entered.