In re Michael Duawayne JACOBS, Sr. and Susan Irene Jacobs, Debtors.

Michael Duawayne JACOBS, Sr. and Susan Irene Jacobs, Plaintiffs,

v.

INTERNAL REVENUE SERVICE, DEPARTMENT OF the TREASURY, United States of America, and Gary J. Gaertner, Trustee, Defendants.

Bankruptcy No. 91–00748E.
Adv. No. 91–0162.

United States Bankruptcy Court,
W.D. Pennsylvania.

Nov. 17, 1992.

Robert E. McBride, Erie, Pa., for debtors.

Gary J. Gaertner, Pittsburgh, Pa., Chapter 13 Trustee.

Richard I. Miller, Washington, D.C., for I.R.S.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Background

The facts are not in dispute. The Internal Revenue Service ("IRS") properly filed a tax lien on May 2, 1991 in the office of the Prothonotary of Erie County, against Michael Duawayne Jacobs, Sr. ("Debtor") for the years 1985 and 1986 in the amount of $5,009.45. This Chapter 13 case was filed September 17, 1991. Included in the bankruptcy estate of Debtor is the following property:

| | |
|---|---|
| Savings Account # 1/37160 | $ 85.00 |
| 1977 Ford Thunderbird | 45.00 |
| Wages earned, not yet paid | 520.30 |
| Zurn Industry Pension Plan | Unspecified Value |

■ The dispute is whether the IRS's lien may attach to Debtor's Zurn Industry Pension Plan. The liability for the income taxes for the years 1985 and 1986 are dischargeable and will be discharged in this bankruptcy, and hence, will not be paid unless the IRS can establish that it has a lien on Debtor's assets, including the pension plan. The value of the pension plan is far in excess of the tax liability.

The Debtor agrees that the pension plan is included in his estate, but believes that the non-alienation provision of the Internal Revenue Code, 26 U.S.C. § 401(a)(13), precludes the IRS's lien from attaching to it.

A trust shall not constitute a qualified trust under this section unless the plan of which such trust is a part provides that the benefits under the plan may not be assigned or alienated. 26 U.S.C. § 401(a)(13)

The IRS contends that Treasury Regulation 1.401(a)(13)(b) provides an exception to the non-alienation provision, by allowing the IRS lien to affix to the pension plan, as well as the other property listed above. We find it unnecessary to address the question of the validity of the regulation.

Section 206(d) of The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1056(d) essentially provides for the same non-alienation provision as 26 U.S.C. § 401(a)(13)(A). § 206(d)(1) of ERISA provides that each pension plan "shall provide that benefits provided under the plan may not be assigned or alienated."

§ 514(d) of ERISA, 29 U.S.C. § 1144(d) states that:

Nothing in this title shall be construed to alter, amend, modify, invalidate, impair or supersede any law of the United States ... or any rule or regulation issued under any such law.

26 U.S.C. § 6334(a) provides that "there shall be exempt from levy" various specific items enumerated in 10 subparagraphs. Subparagraph (6) relates to pensions under the Railroad Retirement Act, the Railroad Unemployment Insurance Act, and various military pensions. Nowhere does it exempt the type of pension here in question.

26 U.S.C. § 6334(c) provides:

Notwithstanding any other law of the United States ... no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a).

It is apparent that the Internal Revenue Code did not intend an exemption for pensions of the type here in question.

■ We may assume that the spendthrift clause in Debtor's pension plan would, under Pennsylvania law, insulate the pension from claims of creditors.

But state law yields to the federal statute in this instance. As stated in *U.S. v. National Bank of Commerce*, 472 U.S. 713, 722, 105 S.Ct. 2919, 2925, 86 L.Ed.2d 565 (1985):

"[I]n the application of a federal revenue act, state law controls in determining the nature of the legal interest which the taxpayer had in the property." *Aquilino v. United States*, 363 U.S. 509, 513 [80 S.Ct. 1277, 1279, 4 L.Ed.2d 1365] (1960), quoting *Morgan v. Commissioner*, 309 U.S. 78, 82 [60 S.Ct. 424, 426, 84 L.Ed. 585] (1940). See also *Sterling National Bank*, 494 F.2d [919] at 921 [2nd Cir. 1974]. This follows from the fact that the federal statute "creates no property rights but merely attaches consequences, federally defined, to rights created under state law." *United States v. Rodgers*, 461 U.S., [677] at 683 [103 S.Ct. 2132, 2137, 76 L.Ed.2d 236 (1983)]. "[O]nce it has been determined that state law creates sufficient interests in the [taxpayer] to satisfy the requirements of [the stat-

ute], state law is inoperative," and the tax consequences thenceforth are dictated by federal law. *United States v. Bess*, 357 U.S. [51] at 56–57 [78 S.Ct. 1054, 1057–1058, 2 L.Ed.2d 1135 (1958)]. See also *Fidelity & Deposit Co. of Maryland v. New York City Housing Authority*, 241 F.2d 142, 144 (CA2 1957); Note, Property Subject to the Federal Tax Lien, 77 Harv.L.Rev. 1485, 1486–1487 (1964).

Further, 472 U.S. at page 723, 105 S.Ct. at page 2925, in discussing the *Bess* case:

State law defined the nature of the taxpayer's interest in the property, but the state-law consequences of that definition are of no concern to the operation of the federal tax law.

Thus, the Supreme Court in this 5–4 decision held that Arkansas state law which protected the levied bank account from levy or attachment by creditors, where the bank account was jointly held by the taxpayers and third parties, should yield to the right of the IRS to levy under 26 U.S.C. § 6321 et seq.

The Debtor argues that *National Bank* related to a lien on a bank account and should not be applied to an attempted lien on an ERISA qualified plan with spendthrift provisions. We conclude that we must follow the expressly stated rule that state law, once having fixed the ownership of property, is ineffective in the face of federal tax law governing the consequence of that ownership.

As to the applicable federal law, Debtor points out that the Internal Revenue Code itself provides that a pension trust cannot be "qualified" unless it contains spendthrift provisions, citing 26 U.S.C. § 401(a)(13), thus evincing a legislative intent that pensions be protected from creditors' claims. While there is merit to Debtor's argument, we observe that 26 U.S.C. § 6334 provides for specific exemptions and provides that there are no others. Included in the specific listed exemptions are certain pension rights, but not a pension right such as Debtor's. We must conclude that if Congress intended all ERISA qualified plans to be exempt from IRS levy (in

addition to exemption from the levy of other creditors), it knew how to do so and would have done so as a simple amendment to 26 U.S.C. § 6334.

Debtor argues that Treasury Regulation 1.401(a)–13(b)(2) is void as being contrary to the Internal Revenue Code. Regulation 1.401(a)–13(b)(2) is as follows:

> (b)(2) Federal tax levies and judgments. A plan provision satisfying the requirements of subparagraph (1) of this paragraph shall not preclude the following:
>
> (i) The enforcement of a federal tax levy made pursuant to section 6331.
>
> (ii) The collection by the United States on a judgment resulting from an unpaid tax assessment.

However, we reach our conclusions as to the applicable rule without reference to the Regulation. We have relied only on the statutes and the U.S. Supreme Court. Whether the regulation is lawful or unlawful, the IRS lien in question is valid. *See also In re Perkins*, 134 B.R. 408 (Bankr. ED Cal.1991); *In re Connor*, 1991 WL 337537 (Bankr.D.Alaska); *In re Raihl*, 1991 WL 322632 (Bankr.D.Alaska).

Debtor also cites us to *Patterson v. Shumate*, — U.S. —, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). *Shumate*, however, does not involve the Internal Revenue Code. The issue in *Shumate* was whether certain assets were excluded from or a part of the bankruptcy estate assets. More specifically, the issue was whether the spendthrift provisions of an ERISA qualified pension plan, constituted a restriction on the transfer of a beneficial interest of the debtor that is enforce-able "under nonbankruptcy law," under 11 U.S.C. § 541(c)(2), and hence, enforceable in bankruptcy. The conclusion there, that the bankruptcy trustee cannot get access to a debtor's ERISA qualified pension plan, does not have a significant bearing on the rights of the IRS to reach the same assets under the Internal Revenue Code.

The IRS had a valid lien on all of the Debtor's assets including the pension plan in the amount of its claim.

ORDER

This 17 day of November, 1992, upon consideration of the Complaint, the Answer, the various exhibits, and the briefs of the parties, it appearing that there is no issue of fact, it is ORDERED as follows:

1. The United States Internal Revenue Service has a lien in the amount of its claim against all of the assets of the Debtor, whether or not exempted by the Debtor, including the Debtor's rights in the Zurn Industry Pension Plan.

2. The Debtor's Complaint requesting an Order that the unpaid federal income taxes due for the years 1985 and 1986 in the total amount of $4,931.19 be determined to be a general unsecured claim, is dismissed.