**In Re Allan Vernon WILSON, Jr., Debtor.**

**Bankruptcy No. 96–30890.**

United States Bankruptcy Court, W.D. North Carolina, Charlotte Division.

Dec. 30, 1996.

Barbara L. White, Charlotte, NC, for Debtor.

Mark T. Calloway, United States Attorney for the Western District of North Carolina, Charlotte, NC, Lawrence P. Blaskopf, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for United States.

Warren L. Tadlock, Charlotte, NC, Chapter 13 Trustee.

## ORDER

WHITLEY, Bankruptcy Judge.

This matter comes before the Court upon the Motion to Determine Secured Status of the claim of the Internal Revenue Service ("IRS") filed by the Debtor on July 24, 1996 and the Debtor's Motion to Amend Schedule C of his bankruptcy petition filed on September 10, 1996. Responses to the two Motions were filed by the IRS on September 10 and October 9, 1996 and, after several continuances, a hearing was held on the matters on October 22, 1996 in Charlotte, North Carolina. Following that hearing, the Court took the matter under advisement and allowed the parties thirty days to submit briefs in support of their position. Briefs were submitted by both sides. Based on the hearing and the Court's record, the Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

The Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code on May 14, 1996. The Debtor is a U.S. Postal Service employee and is under the Civil Service Retirement System (CSRS). On his Schedule C, the Debtor listed his CSRS Retirement as having a current market value of $25,010.60. Further, the Debtor claimed the property as exempt under section 541(c)(2) of the Code. The IRS filed a proof of claim in the Debtor's case in the amount of $16,-006.95, indicating that the secured portion of that claim was $9,006.95. The basis of the secured status of the IRS claim was a properly filed tax lien covering all of the Debtor's property including the Debtor's interest in the retirement plan. The parties agree that absent bankruptcy, the IRS lien encumbers this asset.

Both the Debtor and the IRS also agree that the IRS claim is secured by the Debtor's personal property (excluding the retirement plan), which has an aggregate value of $1,500.00. Finally, both parties agree that if the retirement plan contains an anti-alienation clause, it is not property of the estate.

Based upon that lien, the IRS contends its claim is a secured debt in the bankruptcy case. The Debtor contends that the present value of that plan interest is $0.00, as the Debtor will not be entitled to any of the funds until an indeterminate date; and likely much later in the future. The IRS argues that the present value of the retirement account is more than $0.00 and that its lien should remain intact on that account.

## CONCLUSIONS OF LAW

By its prepetition assessment, the IRS obtained a federal tax lien on all of the Debtor's interests in property. The lien was perfected as against third parties by record-

ing. As a result, the IRS claim in this bankruptcy is clearly perfected up to the agreed upon value of the Debtor's non retirement plan personal property, or $1,500.00.

 The retirement plan is clearly not property of the estate under section 541(c)(2) of the Bankruptcy Code and under the tenants of *Patterson v. Shumate,* 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). The IRS does have a lien on that property, but as the asset itself never became property of this estate, the IRS does not hold a secured claim *against this estate.* Section 506(a) provides that to be a secured claim in the case, the creditor must be secured by a *"lien on property in which the estate has an interest."* Lundin, Chapter 13 Bankruptcy, § 5.46, 2d Ed. pg. 5–126. Accord, *In re Ross,* 161 B.R. 36 (Bkrtcy.C.D.Ill.1993) S.–126, *In re Lassiter,* 104 B.R. 119 (Bkrtcy.S.D.Iowa 1989).

 Therefore, while it may have a lien on the Debtor's CSRS interest, the IRS does not have a secured claim in this case. It is in doubt whether the Service, under the tax laws, can levy on this asset. However, the present value of that asset is certainly greater than $0.00 and can be determined using the proper actuarial formulas. This Court need not determine this value. However, since the Debtor does not propose to pay this debt, and as it is not a secured claim in this case, the IRS should be granted relief from stay to permit it to exercise any rights it has against the retirement plan under non-bankruptcy law. Based upon the foregoing, the relief sought in the IRS's Motion to Determine Secured Status and the Debtor's Motion to Amend his Schedule C reducing the stated value of the retirement plan to $0.00 are both DENIED.

IT IS SO ORDERED.