In re Richard Emerson SNOW.

Richard Emerson Snow

v.

Countrywide Home Loans, Inc.

No. Civ.A. DKC 2001–0608.

United States District Court,
D. Maryland.

Nov. 16, 2001.

Scott C. Borison, Legg Law Firm LLC, Frederick, MD, for appellant.

Thomas M. Hefferon, P.C., Goodwin Procter LLP, Deborah Kay Curran, Symonds Oosterhout and Curran PC, Laurel, MD, for appellee.

### *MEMORANDUM OPINION*

CHASANOW, District Judge.

This case is before the court on appeal from the order of Bankruptcy Judge Duncan Keir, dismissing Appellant's adversary proceeding against Countrywide Home Loans, Inc. ("Countrywide"). Appellant Snow filed a class action adversary proceeding in bankruptcy court to challenge the "inspection fee" charged by Countrywide in its proof of claim and Countrywide responded with a motion to dismiss. The bankruptcy court held that, under federal law, the entire proceeding should be dismissed on the grounds of *res judicata.* Oral argument is deemed unnecessary because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. *See* Bankr.Rule 8012. For the reasons set forth below, the court will AFFIRM the decision of the bankruptcy court.

## I. Background

The facts are undisputed. Snow initiated his Chapter 13 bankruptcy case on July 6, 1999. Countrywide filed its proof of claim on August 2, 1999, which asserted a pre-petition arrearage of $21,166.34. The detailed attachment to Countrywide's claim stated that the arrearage included "Property Inspection Fees" totaling $193.00. Snow filed his Second Amended Chapter 13 plan on February 8, 2000, which indicated that the debtor would pay $21,166.34 to Countrywide, the entire amount Countrywide demanded. On March 6, 2000, Snow filed a modified "Second Amended Chapter 13 Plan" which altered the amount of the monthly payment to the trustee, but kept the same total amount that would be paid to Countrywide. This plan was confirmed after a hearing before Judge Keir on March 14, 2000, by an order entered on April 3, 2000. Paper No. 1, *Memo. of Decision* at 2.

Snow initiated a class action adversary proceeding in bankruptcy court on September 1, 2000 on behalf of himself and others similarly situated, asserting that the inspection fee charged by Countrywide is in violation of Md.Code Ann.Com.Law ("CL"), § 12–1027 or, alternatively, in violation of Md.Code Ann. CL, § 12–121. He argued that, under either section, Countrywide may not charge an inspection fee in a bankruptcy proof of claim because the fee

is assessed in connection with a loan secured by residential real property.

Countrywide responded that the entire class action is barred by *res judicata*, based upon the debtor's confirmed chapter 13 plan, and his failure to object to the claim prior to confirmation by the bankruptcy court. The bankruptcy court agreed with Countrywide and dismissed Snow's adversary proceeding on the ground that Snow's sole objection to a *res judicata* defense is an improper reliance on *Cen–Pen Corp. v. Hanson,* 58 F.3d 89 (4th Cir.1995) and Bankruptcy Rule 7001(2), for the proposition that the validity of a secured claim can only be determined by the filing of an adversary proceeding. In his Memorandum Opinion, dated February 2, 2001, Judge Keir stated that Snow's "reliance on *Cen–Pen* is misplaced ... [and] [d]eterminations concerning the *amount* of a creditor's claim, or the value of a lien securing a claim are contested matters ... and do not require the filing of an adversary proceeding." Paper No. 1, *Memo. of Decision* at 6.

Snow filed a brief in support of his appeal with this court on March 8, 2001. Countrywide filed its reply brief on March 26, 2001. Snow filed a reply brief on April 10, 2001 and a supplemental reply brief on July 6, 2001. For the reasons that follow, the court will affirm the decision of the bankruptcy court.

## II. Standard of Review

 The district court reviews the bankruptcy court's findings of fact for clear error and conclusions of law *de novo.* *In re Deutchman,* 192 F.3d 457, 459 (4th Cir.1999) (internal citations omitted). *See also In re Kielisch,* 258 F.3d 315, 319 (4th Cir.2001) ("[W]e review findings of fact for clear error and conclusions of law de novo.") Since dismissal of the class action by the bankruptcy court was based on the

application of *res judicata,* a conclusion of law, the court will review its findings *de novo.*

## III. Analysis

 The sole issue on appeal is whether the bankruptcy court erred in holding that *res judicata* applied to the confirmed Chapter 13 plan proposed and agreed to by Snow. It is not disputed by either party that *res judicata* does generally apply in bankruptcy cases. *See In re Varat Enters., Inc.,* 81 F.3d 1310, 1314–15 (4th Cir.1996) ("Under *res judicata,* a ... judgment can preclude subsequent litigation.... The doctrine of *res judicata* applies in the bankruptcy context.") Its application is proper when three conditions are met: "1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding." *Id.* at 1315 (internal citations omitted). In order for *res judicata* to bar litigation, all three must be present. This court concurs with the bankruptcy court that all are present in the instant action.

It is undisputed that prong two of the *Varat* test is met. Snow and Countrywide were both parties to the Chapter 13 plan and are party to the adversary proceeding.

However, Snow and Countrywide seem to dispute whether there was a final judgment on the merits and whether the claims are based on the same cause of action. In his reply brief, Snow, for the first time, argues that confirmation of the plan is not a final judgment because allowance or disallowance of a claim may be reconsidered under 11 U.S.C. § 502(j). Snow primarily alleges here, as he did before the bankruptcy court, that *res judicata* effect

should not be given to issues in Chapter 13 plans if they are not properly raised as contested matters. Snow asserts that his complaint deals with the extent of Countrywide's lien, which requires an adversary proceeding under Bankruptcy Rule 7001(2). Thus, Snow disagrees with the bankruptcy court's finding that an action to determine the amount of a lien is merely a contested matter.

First of all, Snow's argument on nonfinality under § 502(j) is not properly before this court, because it was not raised below before Judge Keir. As an appellate court, this court "applies the standard of review generally applied in [the] federal court [of] appeals" and will not generally consider issues not raised before the bankruptcy court. *Webb v. Reserve Life Insurance Co.*, 954 F.2d 1102, 1103–04 (5th Cir.1992). *See Stewart v. Hall*, 770 F.2d 1267, 1271 (4th Cir.1985) ("[W]e ordinarily will not consider issues raised for the first time on appeal."), *United States v. The Barge Shamrock*, 635 F.2d 1108, 1111 (4th Cir. 1980) ("It is true that this Court does not generally pass on issues not previously raised.").

■ Furthermore, the argument has no merit. It is well accepted that "[o]nce a plan is confirmed, all questions which could have been raised pertaining to such plan are *res judicata*." *In re Luria*, 175 B.R. 601, 608 (Bankr.D.Md.1994) (internal citation omitted). Although 11 U.S.C. § 502(j) states that "a claim that has been allowed ... may be reconsidered for cause", this does not provide for automatic reconsideration of every claim, nor does it make confirmation of a plan "nonfinal" for *res judicata* purposes. Rather, "[d]etermination of whether there is sufficient cause to reconsider a claim under § 502(j) lies within the sound discretion of the [c]ourt." *In re Ray M. Watkins*, 240 B.R. 735, 739 (Bankr.C.D.Ill.1999) (internal citation

omitted). In addition, bankruptcy courts define "cause" using the standard applicable to Fed.R.Civ.P. 60, which provides grounds for relief from a final judgment if there are clerical mistakes, excusable neglect, newly discovered evidence, fraud, or a reason justifying release from operation of it. Once the definition of cause used in § 502(j) is interpreted to incorporate the standard applicable to final judgments under Rule 60(b), it then applies to final judgments issued by the bankruptcy court. Finality for *res judicata* means "any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." Restatement (Second) of Judgments § 13 (1982), *see also Lummus v. Commonwealth Oil Refining Co.*, 297 F.2d 80, 89–90 (2d Cir. 1961) ("'Finality' ... may mean little more than that the litigation of a particular issue has reached such a stage that a court sees really no good reason for permitting it to be litigated again."). Here Snow never filed a motion to reconsider any portion of the confirmed plan under § 502(j) and the plan confirmation remains a final judgment.

Snow does not question that the Chapter 13 plan complied with due process requirements. Snow, the appellant, drafted the plan himself multiple times and adopted the precise amount Countrywide claimed it was owed in its proof of claim, after ample notice that an inspection fee was being charged in Countrywide's Proof of Claim. Accordingly, the plan confirmation was a final judgment on the merits rendered by a court of competent jurisdiction in accordance with due process and there is no cause to reconsider the order under 11 U.S.C. § 502(j).

■ Prong three of the *res judicata* standard requires that the claims in the second matter be based upon the same cause of action as the earlier proceeding in

order for claim preclusion to apply. *Varat*, 81 F.3d at 1315. Bankruptcy Rule 7001(2) expressly provides that an adversary proceeding is necessary to determine the "extent" of a lien. "Extent" is understood by bankruptcy courts to be "the scope of the property encompassed by or subject to the lien." *In re Beard*, 112 B.R. 951, 955 (Bankr.N.D.Ind.1990), *see also Antelope County Farmers Coop. Assoc. v. Citizens State Bank of Clearwater*, 240 Neb. 760, 484 N.W.2d 822, 829–30 (1992). This definition is contrary to the one Snow urges, which equates "extent" with "amount". "Extent" is a term of art in bankruptcy meaning scope of property, which this court also adopts.

The Fourth Circuit has determined that "[i]n order to extinguish or modify a lien, the debtor must take some affirmative step toward that end" during the confirmation process. *In re Deutchman*, 192 F.3d at 460. *See also Adair v. Sherman*, 230 F.3d 890, 894–95 (7th Cir.2000) ("[T]he debtor may not file a post-confirmation collateral action that calls into question the proof of the claim"); *In re Justice Oaks*, 898 F.2d 1544, 1553 (11th Cir.1990) ("[W]hen the objection is based on an argument that the plan misclassified the objectionable claim, the objection must be made prior to confirmation of the plan"); *In re Beard*, 112 B.R. at 956 ("[D]etermination of the amount due on account of a creditor's claim and the value of a lien securing a claim are contested matters and, thus, may properly be dealt with during the confirmation process.")

The sole case upon which Snow relies for his assertion that *res judicata* should not apply to the confirmed Chapter 13 plan, *Cen–Pen v. Hanson*, supports this affirmative step requirement. *Cen–Pen*, 58 F.3d at 92 ("For a debtor to extinguish or modify a lien during the bankruptcy process, some affirmative step must be taken toward that end.") Furthermore, seeking to remove the inspection fee is clearly a modification of the lien and the confirmed plan, rather than a challenge to the validity of the lien itself, as was the case in *Cen–Pen*. Under *Cen–Pen*, confirmation of a Chapter 13 plan does not extinguish liens not addressed by the plan, and does not leave an option to avoid the liens once the plan is confirmed. *In re Regional Bldg. Sys., Inc.*, 254 F.3d 528, 529 (4th Cir.2001) (citing *Cen–Pen*). "[U]nder Chapter 13 a lien can be extinguished only if the plan provides for it." *In re Regional Bldg. Sys., Inc.*, 254 F.3d at 532. Therefore, prong three of the *res judicata* test is met: the adversary proceeding challenging the inspection fee is based upon the same cause of action involved in the confirmed plan in which the inspection fee was part of a proof of claim.

## IV. Conclusion

For the foregoing reasons, this court shall AFFIRM the Order of the bankruptcy court.

A separate Order will be entered.

2. The Clerk is directed to transmit a copy of this Order and the accompanying Memorandum Opinion to counsel for the parties, to Bankruptcy Judge Keir, and CLOSE this case.