### In re Curtis WINGFIELD.

**Internal Revenue Service, Appellant,**

**v.**

**Curtis Wingfield, Appellee/Cross–Appellant.**

**Bankruptcy No. 01–71375.**
**Civ.A. No. 2:02CV78.**

United States District Court,
E.D. Virginia,
Norfolk Division.

July 12, 2002.

Gregory David Stefan, U.S. Attorney's Office, Norfolk, VA, Richard G. Jacobus, Jason S. Zarin, U.S. Department of Justice, Tax Division, Washington, DC, for appellant.

Robert Vincent Roussos, Roussos, Langhorne and Carlson, P.L.C., Norfolk, VA, for appellee.

Debera F. Conlon, Office of the United States Trustee, Norfolk, VA, United States Trustee.

### ORDER

FRIEDMAN, District Judge.

This matter is before the court on the Internal Revenue Service's appeal from a decision rendered by Judge Stephen C. St. John of the United Stated Bankruptcy Court for the Eastern District of Virginia. The Internal Revenue Service ("IRS") appeals this decision, arguing that the Bankruptcy Court erred in holding that Mr. Wingfield's ERISA-governed 401(k) plan was not property of the bankruptcy estate for the purposes of securing the IRS's claim. Mr. Wingfield filed a cross-appeal, arguing the claim for his 1996 and 1997 income taxes should not have tolled during the debtor's prior bankruptcies. After examination of the briefs and record, this court determines oral argument is unnecessary because the facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. *See generally, Richard Emerson Snow v. Countrywide Home Loans, Inc.*, 270 B.R. 38, 39 (D.Md. 2001); *Grundy Nat. Bank v. Shortt*, 80 B.R. 802, 803 (W.D.Va.1987). For the reasons set forth herein, the Bankruptcy Court's decision is AFFIRMED.

### I. Factual and Procedural Background

The facts of this case are undisputed. Curtis Wingfield ("the debtor"), filed a Chapter 13 petition on May 2, 2001. As part of his petition, the debtor scheduled personal property valued at $275.00. He additionally possessed a 401(k) plan with a value of approximately $23,000.00.

The IRS subsequently filed a Proof of Claim on May 18, 2001, with a secured claim of $23,275 for unpaid 1995 income taxes, an unsecured priority claim of $116,978.83 for unpaid 1995 through 2000 income taxes, and a general unsecured claim of $41,874.95 for penalties on the unpaid income taxes. On June 6, 2001, the IRS objected to the debtor's plan and the debtor objected to the IRS's Proof of Claim shortly thereafter. The parties both moved for summary judgment before the Bankruptcy Court for their respective claims. The Bankruptcy Court held that the debtor's 401(k) plan could not be used to secure the IRS's claim. The IRS appealed the Bankruptcy Court's ruling to this court.

In the same proceeding, the parties disputed the treatment of the 1996 and 1997 tax claims. The debtor previously filed a petition for Chapter 13 relief on October

22, 1997, which was voluntarily dismissed on July 30, 1998 and a Chapter 7 petition on August 24, 1999, which was dismissed for failure to file schedules on September 14, 1999. On November 29, 1999, the debtor refiled his Chapter 7 bankruptcy and obtained a discharge on March 9, 2000. The parties disagreed whether the priority status associated with tax claims that become due within three years of the bankruptcy petition automatically tolled during the pendency of the prior bankruptcies. The Bankruptcy Court found that an automatic tolling does occur, and the debtor now appeals this ruling.

## II. Discussion

### A. Standard of Review

■ The bankruptcy court's final judgments, orders, and decrees are reviewable by the district court. *See* 28 U.S.C. § 158(a). Factual findings are subject to the clearly erroneous standard, and questions of law, including statutory construction, are reviewed *de novo*. *In re Southeast Hotel Prop. Ltd. Partnership*, 99 F.3d 151, 153 (4th Cir.1996) (citing *In re Johnson*, 960 F.2d 396, 399 (4th Cir. 1992)). When a decision rests in the discretion of the bankruptcy court, it should be set aside only when the reviewing court determines (1) that the decision was based on an erroneous conclusion of law, (2) that the record of the proceedings contain no evidentiary basis for the decision, or (3) that the factual findings of the court are "clearly erroneous." *In re Jackson*, 121 F.3d 698 (4th Cir.1997) (citations omitted) (unpublished).

### B. Analysis

There are two main issues that the court must address in this appeal. First, whether the Bankruptcy Court erred in holding that the IRS's claim is not secured by the debtor's interest in his 401(k) plan, and second, whether the Bankruptcy Court erred in tolling the priority status of the debtor's 1996 and 1997 taxes.

### 1. Whether a 401(k) Plan Can Secure a Federal Tax Claim

■ The IRS appeals the Bankruptcy Court's ruling that a debtor's interest in an ERISA-governed deferred-compensation plan is not property of the bankruptcy estate for the purposes of establishing the IRS's secured claim. For the following reasons, the court AFFIRMS the ruling of the Bankruptcy Court.

Qualified pension benefits may be excluded from a bankruptcy estate, thereby placing them beyond the reach of creditors. *See Patterson v. Shumate*, 504 U.S. 753, 760, 112 S.Ct. 2242, 2248, 119 L.Ed.2d 519 (1992). This result is brought about by § 541(c)(2) of the Bankruptcy Code, which excludes from the bankruptcy estate any interest in a trust that is subject to transfer restrictions under applicable non-bankruptcy law. *Shumate*, 504 U.S. at 757–58, 112 S.Ct. 2242. This necessarily excludes from the bankruptcy estate all interests in pension plans that are qualified under the Employee Retirement Income Security Act of 1974 (ERISA), which requires that all pension plans include a prohibition on assignment and alienation. *See* 29 U.S.C. § 1056(d)(1). Both parties agree that the debtor's 401(k) plan is normally excluded from the bankruptcy estate. There is also no dispute that the debtor's 401(k) plan is subject to the lien of the IRS for unpaid taxes. The issue, therefore, is whether the IRS can secure its claim in the debtor's Chapter 13 bankruptcy against property that is not property of the bankruptcy estate.

According to the IRS, while the 401(k) plan is not generally property of the bankruptcy estate under *Patterson v. Shumate*, it should be considered part of the estate

for the sole purpose of securing a federal tax claim. In support of its argument, the IRS notes that in a non-bankruptcy setting, its tax lien does not violate the non-alienation provision of a 401(k) retirement plan. The IRS asserts that Congress did not intend for the intervention of bankruptcy to alter the IRS's power as a tax creditor. *See In re Lyons*, 148 B.R. 88, 93 (Bankr.D.D.C.1992). The IRS concludes that while the debtor's 401(k) plan is not reachable by private creditors (and presumably state tax creditors) and therefore the plan is not considered "part of the estate" under 11 U.S.C. § 541, it suddenly becomes "part of the estate" when the IRS becomes involved. This conclusion results in a so-called "split personality" of the 401(k) asset because it can secure the claims of some parties but not others.

The Bankruptcy Court rejected the "split personality" characterization and held that the debtor's 401(k) plan cannot secure the claims of the IRS. In its ruling, the Bankruptcy Court primarily relied upon the decision of Judge Adams in a similar case. *In re Keyes*, 255 B.R. 819 (Bankr.E.D.Va.2000). In the *Keyes* case, the court noted that the ERISA qualified plan was excluded from the bankruptcy estate under *Patterson*. The court held that "[w]hile it is clear that an asset of the debtor is subject to the IRS lien as provided for by statute, there is simply no statutory authority for granting it a 'split personality' to include it in the bankruptcy estate simply for purposes of securing the IRS's lien." *Id.* at 822. The court then concluded that "the Supreme Court's ruling in *Patterson* is clear that ERISA qualified plans do not become part of the bankruptcy estate. Therefore, the IRS's claim cannot be treated as secured because it does not have a 'lien on property in which the estate has an interest,' as required by 506(a)." *Id.* This court agrees with the Bankruptcy Court and Judge Adams in

the *Keyes* decision. The debtor's interest in his 401(k) plan is not property of the estate for the purposes of establishing the IRS's secured claim. *See also, In re McIver*, 262 B.R. 362, 365 (Bankr.D.Md. 2001); *In re Persky*, 1998 WL 695311, at *5 (E.D.Pa.1998); *In re Wilson*, 206 B.R. 808, 810 (Bankr.W.D.N.C.1996). Accordingly, the decision of the Bankruptcy Court is AFFIRMED.

## 2. Whether the 1996 and 1997 Taxes Are Entitled to Priority Treatment

■ In his cross-appeal, the debtor objects to the Bankruptcy Court's ruling that the IRS's claims for his 1996 and 1997 taxes are entitled to priority status. Normally, the IRS only enjoys priority status for its claim for taxes within three years prior to the filing of the bankruptcy petition, otherwise known as the "three-year lookback period." *See* 11 U.S.C. § 507(a)(8)(A)(i). As a result of their priority status, these taxes are nondischargeable in bankruptcy. *See* 11 U.S.C. § 523(a)(1)(A). Because the debtor filed his petition in 2001, he argues that his older taxes—those outside the "three-year lookback period"—lose their priority status. This argument is without merit. The Supreme Court recently addressed this exact issue and decided in favor of the IRS. *See Young v. United States*, 535 U.S. 43, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002). In *Young*, the Court held that the three year lookback period of 11 U.S.C. § 507(a)(8)(A)(i) is tolled during the pendency of a prior bankruptcy petition. *Id.* In the instant case, the debtor filled a series of bankruptcy petitions prior to the Chapter 13 petition in question. Under the holding of *Young*, the prior petitions tolled the limitations period under 11 U.S.C. § 507(a)(8)(A)(i), and the IRS's tax claims maintained their priority status. The court finds the Bankruptcy Court's

 

decision in accordance with *Young* and therefore AFFIRMS the decision of the Bankruptcy Court.

## III. Conclusion

For the reasons stated herein, the Bankruptcy Court's decision in this case is AFFIRMED.

It is so ORDERED.