**In re Glenn R. ROBINSON & Katherine W. Robinson, Debtors.**

No. 02–73381–SCS.

United States Bankruptcy Court, E.D. Virginia, Norfolk Division.

Nov. 6, 2003.

Steven P. Richards, Virginia Beach, VA, for Debtor/Joint Debtor.

## MEMORANDUM OPINION AND ORDER

STEPHEN C. ST. JOHN, Bankruptcy Judge.

This matter arises from the objection of the United States Internal Revenue Service ("IRS") to the confirmation of the Chapter 13 plan of Glenn R. Robinson and Katherine W. Robinson (collectively "Debtors") and the Debtor's objection to the proof of claim of the IRS. This Court has jurisdiction over these proceedings pursuant to 28 U.S.C. §§ 157(b) and 1334(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The parties filed cross-motions for summary judgment and the Court feels that it is appropriate to decide this case without oral argument, since the facts and legal arguments are adequately presented and the decision making process of the Court would not be significantly aided by oral argument.

### UNDISPUTED FACTS

The parties have stipulated to the following facts: Debtors filed for protection under Chapter 13 of the United States Bankruptcy Code on May 17, 2002. The Debtors have an interest in an ERISA qualified retirement plan, valued in the Debtors' schedules value at $7,000.00 as of the date of the petition ("ERISA Plan").

The IRS assessed the Debtors' 1995 income tax liability on February 10, 1997 and the IRS assessed the Debtors' 1996 and 1997 income tax liability on November 2, 1998. On July 12, 2001, the IRS filed a Notice of Federal Tax Liens for the 1995, 1996 and 1997 assessed tax liabilities. The Debtors filed their bankruptcy petition on May 17, 2002 and the IRS filed a proof of claim on June 26, 2002. The IRS objected

to confirmation of the Debtors' Chapter 13 plan and Debtors objected to the proof of claim filed by the IRS. Both parties have moved for summary judgment.

The proof of claim asserts three different debts: (1) a secured claim of $8,995.00, consisting assessed income tax liabilities for 1995, 1996 and 1997, including interest and penalties on the 1995 and 1996 taxes; (2) an unsecured priority claim of $2,432.68 consisting of the Debtors' 1999 income tax liability, accrued interest, and the undersecured portion of the 1997 income tax liability; and (3) an general unsecured claim of $6,850.00, consisting of the Debtors' 1998 income tax liability, accumulated interest on the 1997 and 1998 tax liability and penalties.

The IRS contends that the secured claim is secured by the Debtors' equity in the retirement plans, valued at $7,000.00, with the remaining amount being secured by the Debtors' personal property scheduled in their Chapter 13 plan, valued at $1,995.00. The Debtors argue that their equity in the pension plan is not the property of the Chapter 13 bankruptcy estate and cannot be used to secure the IRS claims.

The sole issue before this Court is whether the Debtors' interest in an ERISA qualified pension plan, which would normally be excluded from the bankruptcy estate, can be included in the estate for the limited purpose of securing an IRS claim for delinquent taxes.

## ARGUMENTS

11 U.S.C. § 506(a) provides that "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ..." Section 541(a) of the Bankruptcy Code indicates that a bankruptcy estate is created at the filing of the petition and is comprised of "all legal and equitable interests of the debtor in the property at the commencement of the case." This provision is limited, however, by § 541(c)(2), which excludes from the bankruptcy estate any "beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law ..." The Supreme Court has determined that the anti-alienation provisions required in order to qualify a pension plan under ERISA qualified as "applicable nonbankruptcy law," thereby excluding ERISA qualified pension plans from the bankruptcy estate. *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). After *Patterson*, courts have split on the determination of whether ERISA qualified plans can be used to secure an IRS tax lien within a bankruptcy case. *Compare In re Wingfield*, 284 B.R. 787 (E.D.Va.2002); *In re Keyes*, 255 B.R. 819 (Bankr.E.D.Va.2000); *In re Hanes*, 162 B.R. 733 (Bankr.E.D.Va. 1994); *In re Wilson*, 206 B.R. 808, 810 (Bankr.W.D.N.C.1996) *with In re McIver*, 255 B.R. 281 (D.Md.2000); *Jones v. IRS (In re Jones)*, 206 B.R. 614, 620 (Bankr. D.D.C.1997); *Jacobs v. United States*, 147 B.R. 106 (Bankr.W.D.Pa.1992).

The most recent decision in this District on this issue has held that this type of claim was not secured by the ERISA pension plan and could not be used to secure the federal tax lien. *In re Wingfield*, 284 B.R. 787 (E.D.Va.2002). In *Wingfield*, the debtor filed for Chapter 13 and scheduled $275.00 in personal property and an ERISA qualified § 401(k) retirement plan valued at $23,000.00. The IRS filed a proof of claim, with a secured claim of $23,275.00, an unsecured priority claim of $116,978.83 and a general unsecured claim of $41,874.95. *Id.* at 788. This Court ruled that the ERISA qualified plan could

not be brought into the bankruptcy estate to secure the IRS debt.

On appeal, the District Court agreed. *Id.* at 789. Judge Friedman found that § 541(c)(2) of the Bankruptcy Code excludes any interest in a trust that is subject to transfer restrictions under applicable non-bankruptcy law from the bankruptcy estate. In order to be an ERISA qualified pension plan, 29 U.S.C. § 1056(d)(1) requires that such plans include a prohibition on assignment and alienation. Qualified ERISA plans, therefore, are necessarily excluded from the bankruptcy estate under § 541. *Patterson*, 504 U.S. at 765, 112 S.Ct. 2242. The IRS argued in *Wingfield* that, while the debtors' § 401(k) plan would normally be excluded from the bankruptcy estate, it should be included in the estate for the sole, limited purpose of securing a federal tax claim. *Wingfield*, 284 B.R. at 789–790. The District Court on appeal rejected this "split personality" treatment of ERISA qualified retirement plans, holding that the § 401(k) plan at issue in that case was not a part of the bankruptcy estate and could not secure the IRS claim. *Id.* at 790. *See also In re Keyes*, 255 B.R. 819, 822 (Bankr. E.D.Va.2000); *In re Hanes*, 162 B.R. 733, 738 (Bankr.E.D.Va.1994); *In re Wilson*, 206 B.R. 808, 810 (Bankr.W.D.N.C. 1996); *but see In re McIver*, 255 B.R. 281, 285 (D.Md.2000); *Jones v. IRS (In re Jones)*, 206 B.R. 614, 620 (Bankr. D.D.C.1997); *Jacobs v. United States*, 147 B.R. 106, 109 (Bankr.W.D.Pa.1992).

After the submission of the brief of the IRS, the Ninth Circuit Court of Appeals issued a decision on this precise issue.[1] In *Snyder*, the debtor had an interest in an

ERISA qualified pension plan with the requisite anti-alienation provision.[2] *Id.* at 1173. The IRS sought to use the equity in that plan to secure a federal tax lien. *Id.* The Ninth Circuit Court of Appeals held that a debtors' interest in an ERISA qualified pension plan was excluded from the bankruptcy estate under 11 U.S.C. § 541(c)(2). The court stated that, if the secured status of the IRS was allowed under a split personality theory, there would be two possible outcomes in the bankruptcy case. *Id.* at 1175. The first outcome would be that the Chapter 13 plan would be confirmed and the debtor would be required to pay the IRS debt in full during the life of the plan. This would provide the IRS with payment of the tax debt earlier than it would otherwise be entitled to, since in a non-bankruptcy context the IRS would have to wait until the pension plan entered a pay-out status in order to enforce its liens on the equity in the plan. *Id.* The second outcome would be that the plan would not be confirmed and the IRS would be able to avoid having some or all of its claims which are not supported by a tax lien discharged in bankruptcy. *Id.* Pointing out the inconsistent positions taken in the past by the IRS and the long line of cases holding ERISA qualified pension plans to be entirely excluded from the bankruptcy estate, the court determined that the pension plan was excluded and the IRS claim was therefore unsecured. *Id.* at 1178.

The IRS argues *Wingfield* and similar cases were incorrectly decided. The IRS urges that since in a non-bankruptcy context, despite the anti-alienation provision, the IRS could subject an ERISA qualified

1. *IRS v. Snyder,* 343 F.3d 1171 (9th Cir.2003).

2. The Ninth Circuit Court of Appeals appears to be the first federal circuit court to opine on this issued. *Wingfield* was appealed to the

Fourth Circuit Court of Appeals, but the appeal was dismissed after Wingfield and the IRS reached a resolution of their dispute.

pension plan to a tax lien, then a bankruptcy court is obligated to allow the ERISA plan to become a part of the bankruptcy estate in order to secure the IRS claim. IRS Br. at 5. This claim is primarily based on 26 U.S.C. § 6334, which provides that tax liens apply to all property, "notwithstanding any other law of the United States," that is not exempted under that section. This section, the IRS argues, combined with 29 U.S.C. § 1144(d), which provides that ERISA shall not be "construed to alter, amend, modify, invalidate, impair or supersede any law of the United States," mandates that this Court allow the ERISA pension plan to be included in the estate for the limited purpose of securing the tax lien. IRS br., pg. 8.

In contrast, the Debtors argue that the plain language of § 506(a) of the Bankruptcy Code is clear and that this Court cannot exercise control over the ERISA qualified retirement plan, for the simple reason that such plan is by definition outside the scope of the bankruptcy estate. Debtors' Br. at 3–4. The Debtors urge that the IRS has no special standing in a bankruptcy context and should not be allowed to include the otherwise excluded pension plans for any purpose. Debtors' Br. at 4.

## CONCLUSIONS OF LAW

This Court follows and adopts the reasoning of the District Court and Bankruptcy courts of the Eastern District of Virginia in *In re Keyes* and *In re Wingfield,* that a debtors' interest in an ERISA qualified pension plan is not property of the bankruptcy estate for the purpose of establishing a secured claim by the IRS. This determination is buttressed by the decision of the Ninth Circuit Court of Appeals in *IRS v. Snyder.* As the Supreme Court indicated in *Patterson,* "the natural reading of [§ 541(c)(2)] entitles a debtor to

exclude from property of the estate any interest in a plan or trust that contains a transfer restriction enforceable under any relevant nonbankruptcy law." *Patterson,* 504 U.S. at 758, 112 S.Ct. 2242. The transfer restriction contained in the Debtors' ERISA Plan is enforceable and the ERISA Plan is, therefore, not included in the bankruptcy estate. Since it is clear that the property is excluded from the scope of the bankruptcy estate, it is equally clear that the IRS cannot hold a secured claim against the ERISA Plan. The objection to confirmation is overruled, the Debtors' objection to the proof of claim filed by the IRS is sustained and summary judgment in favor of the Debtors is granted.

IT IS SO ORDERED